TERRELL, Justice.
Appellant, as plaintiff, brought a suit against appellee for separate maintenance alleging that defendant left her and their two minor children without cause and was living apart from them without fault on her part. Appellee countered with an answer or counterclaim for divorce alleging extreme cruelty and habitual indulgence in a violent and ungovernable temper. At final hearing the chancellor granted a divorce on the counterclaim, gave custody of the two minor children to the wife, gave her exclusive use of the home and beach cottage at Oriole Beach, in Santa Rosa County, and required the husband to pay her $45 per week for support of herself and the children. This allowance was to be reduced $10 per week as the children became self-supporting or as they reached the age of 21. The wife has appealed from that part of the decree granting the divorce.
The commissioner and the chancellor found the evidence ample to support the counterclaim for divorce and gave an affirmative answer to the question. The evidence is diffuse and conflicting; the challenge to it turns on the point of whether or not it shows that the parties, or either of them, engaged in nagging, public arguments, quarrels and brawls, and whether or not appellant falsely charged appellee with keeping company with other women to that extent that his health was undermined, that he often became extremely nervous and upset and at one time was confined in the hospital for a period. Such was the end result of the parties’ bickerings.
As we pointed out in Diem v. Diem, 141 Fla. 260, 193 So. 65, what causes mental torture, undermines the health or tends to dethrone the reason may be different among spouses, depending on the degree of their culture, emotions, nervous reaction or moral response. The commissioner had the parties before him and the chancellor had the advantage of his appraisal of the testimony and was in much better position to determine whether or not the charges and coun-tercharges were sufficient to make the husband boil inside and cause his blood pressure to mount to the extent that his health was undermined, his reason dethroned, and which of them was the major offender.
It is conclusively shown that the parties had been married more than twenty years and that the husband vamoosed from the home by night, did not return and did not leave his forwarding address. If he was seen with the “other woman” as often as some of the evidence shows, that would doubtless be sufficient to make his wife’s blood pressure rise-and might soften the reproval administered if she did in fact provoke the controversies referred to. Despite all of this and more, the chancellor was confronted with an unfortunate marital tragedy that occurs too often. So many of the incidents out of which it grew were peculiarly within his province to determine and his knowledge .of them was so much superior to ours that we do not dare pit our judgment against his. The decree is therefore affirmed.
The matter of attorney’s fees for appellant presents a different question. We think counsel for appellant is entitled to a reasonable fee for bringing the case to this court. He is accordingly allowed a fee of $250 for that purpose, which appel-lee is hereby ordered to pay within 30 days from the date the judgment herein is filed in the court below.
In all other respects the judgment is affirmed.
DREW, C. J., THORNAL, J., and CARROLL, Associate Justice, concur.