ROBERTS, Justice.
This is an appeal from a final decree in a divorce suit instituted by the appellant husband against the appellee wife on the ground of extreme cruelty consisting of nagging, criticizing and kindred com *364 plaints. The wife’s motion to dismiss on the ground of failure to state a cause of action was denied, an answer denying the allegations of the complaint and counterclaiming for custody of the children and alimony unconnected with divorce was then filed by her, and testimony on the issues so made was heard by the Chancellor.
The Chancellor found that the husband had not made a sufficient showing of the ground of extreme cruelty to entitle him to a divorce and dismissed his complaint. He also denied the wife’s counterclaim on the ground that the wife had not shown that she was entitled to the relief sought therein. The husband has appealed from the decree denying him a divorce and here contends that, under the evidence adduced at the trial, the Chancellor’s denial stemmed either from a misapplication of the law to, or a misapprehension of the legal effect of, the evidence. There is merit to his contention.
 It is settled in this state that extreme cruelty, as a ground for divorce, is relative. As we pointed out in Diem v. Diem, 141 Fla. 260, 193 So. 65, what causes mental torture, undermines the health or tends to dethrone the reason may be different among spouses, depending on the degree of their culture, emotions, nervous reaction or moral response. Accord: Collins v. Collins, Fla.1956, 88 So.2d 604; Grossman v. Grossman, Fla.1956, 90 So.2d 115, 117; Lyon v. Lyon, Fla.1951, 54 So.2d 679, 681 and cases cited. As stated in the Lyon case, “Thus, in determining whether particular conduct constitutes extreme cruelty, the test is not whether the conduct should result in the infliction of pain and suffering, but whether the conduct does, in fact, have that effect upon the other spouse; and if it does, then the offending spouse continues in the indulgence in that conduct at his or her peril of destroying and bringing to an end the marital relation.”
From the testimony of a psychiatrist consulted by the parties early in 1955 in an attempt to iron out their difficulties, and from the testimony of the wife, it appears that the wife may have unwittingly pursued the course of conduct that, by 1955, had unquestionably resulted in the near demise of the marriage. “But it is not necessary that 'a course of conduct be deliberately undertaken for the purpose of causing mental pain and suffering, in order to constitute ‘extreme cruelty’ under the statute; it is sufficient if it actually has that effect.” Grossman v. Grossman, supra, 90 So.2d 115, 117, citing Diem v. Diem, supra, 193 So. 65.
The unrefuted evidence adduced by the husband was ample to show that the wife’s conduct constituted extreme mental cruelty of the “subjective” type discussed in the cases cited above, rendering cohabitation with the wife intolerable and discharge of the marital duties impracticable, and entitling him to a divorce under the authority of the cases cited above. See also Wetherington v. Wetherington, 1909, 57 Fla. 551, 49 So. 549; Baker v. Baker, 1927, 94 Fla. 1001, 114 So. 661; Currie v. Currie, 1935, 120 Fla. 28, 162 So. 152; Diem v. Diem, supra, 193 So. 65. Reluctant as we are to reverse the learned Chancellor, especially in a case of this kind, it must be held that it was error to deny a divorce to the husband.
As has been noted, the Chancellor denied the divorce to the husband and the counterclaim of the wife and thus did not deal with the questions of custody and support of the children and alimony, if any, to be awarded to the wife. See Brunner v. Brunner, 159 Fla. 762, 32 So.2d 736; Schuberth v. Schuberth, Fla.1951, 52 So. 2d 332; Kleinschmidt v. Kleinschmidt, Fla. 1953, 66 So.2d 815.
Accordingly, the decree here reviewed is reversed with directions to enter a decree of divorce in favor of the' husband, and the cause 'remanded for further proceedings with-respect to the custody and support of the children and the alimony or *365 other financial benefit, if any, that should be awarded to the wife.
It is so ordered.
THOMAS, Acting C. J., and HOBSON and DREW, JJ., concur.
O’CONNELL, J., dissents.