127 So.2d 137 (1961)
Burton GINSBERG, Appellant,
v.
Charlotte GINSBERG, Appellee.
No. 60-56.
District Court of Appeal of Florida. Third District.
March 2, 1961.
Rehearing Denied March 20, 1961.
Harold Ungerleider, Miami Beach, Cunningham & Weinstein, Miami, for appellant.
Broad & Cassel, Miami Beach, and L.J. Cushman, Miami, for appellee.
HORTON, Chief Judge.
The appellant, who was the defendant in a suit for divorce, has appealed from the final decree which, inter alia, (1) granted a divorce to the wife on the ground of extreme cruelty; (2) awarded her custody of the minor children; (3) required the defendant to pay "as alimony and for support of the children of the parties," the sum of $250 weekly; (4) allowed the wife to occupy the home; and (5) required the defendant husband to pay certain outstanding obligations and attorney's fees.
*138 The appellant has filed 37 assignments of error which are the basis of the four points argued in his brief. He argues first, the sufficiency of the evidence to sustain the decree of divorce; second, he contends that the chancellor erred in making an undivided award for alimony and child support; third, that the chancellor's repeated expressions of hostility and prejudice deprived him of a fair trial; and lastly, he contends that the sums which the chancellor awarded the plaintiff were excessive and beyond his ability to pay.
In Carlton v. Carlton, Fla. 1958, 104 So.2d 363, 364, Mr. Justice Roberts, speaking for the Supreme Court of Florida, said:
"It is settled in this state that extreme cruelty, as a ground for divorce, is relative. As we pointed out in Diem v. Diem, 141 Fla. 260, 193 So. 65, what causes mental torture, undermines the health or tends to dethrone the reason may be different among spouses, depending on the degree of their culture, emotions, nervous reaction or moral response. Accord: Collins v. Collins, Fla. 1956, 88 So.2d 604; Grossman v. Grossman, Fla. 1956, 90 So.2d 115, 117; Lyon v. Lyon, Fla. 1951, 54 So.2d 679, 681 and cases cited. As stated in the Lyon case, `Thus, in determining whether particular conduct constitutes extreme cruelty, the test is not whether the conduct should result in the infliction of pain and suffering, but whether the conduct does, in fact, have that effect upon the other spouse; and if it does, then the offending spouse continues in the indulgence in that conduct at his or her peril of destroying and bringing to an end the marital relation.'" [Emphasis in original opinion]
Applying then the test as discussed in the authority above cited to the evidence adduced, we conclude there was sufficient showing that the defendant's conduct constituted extreme cruelty.
Both parties agree that appellant's point No. 2 is controlled by the decision in Rogoff v. Rogoff, Fla.App. 1959, 115 So.2d 456, 457, wherein this same question was posed. We there held:
"Where this question has been raised it has been held that such an award is not void, but that either party should be at liberty to apply to the trial court at any time for allocation of the separate amounts intended for alimony and for child support. Bezanilla v. Bezanilla, Fla. 1953, 65 So.2d 754, 756; Zalka v. Zalka, Fla. 1958, 100 So.2d 157, 159-160; Katiba v. Katiba, Fla.App. 1959, 110 So.2d 693."
Here, as in the Rogoff case, the appellant sought to have allocated in separate amounts the award of alimony and child support. This application for relief was on the basis that the allocation would benefit the appellant for income tax purposes which was sufficient consideration for separation of the award. The decree appealed should be modified to that extent.
In point four, the appellant contends that the chancellor's awards of alimony, child support, attorney's fees and court costs are clearly beyond his capacity and ability to pay. It is well settled that the allowance of such awards and the amounts thereof is a matter resting within the sound discretion of the chancellor. The appellant has the burden of clearly demonstrating that the chancellor abused his discretion. See Pross v. Pross, Fla. 1954, 72 So.2d 671; Lauderdale v. Lauderdale, Fla.App. 1957, 96 So.2d 663; Rogoff v. Rogoff, supra; and 10 Fla.Jur., Divorce, Separation and Annulment, § 137. No abuse of discretion has been shown and in the absence thereof we will not substitute our judgment for that of the chancellor.
We have considered the appellant's remaining point and find it to be without merit.
*139 Accordingly, the final decree appealed is affirmed, with directions to modify the decree by allocating separate amounts for alimony and child support.
Affirmed with directions.
PEARSON and CARROLL, CHAS., JJ., concur.