PER CURIAM.
The appellant filed suit against her husband for alimony unconnected with divorce. The husband answered and counterclaimed for divorce on the ground of extreme cruelty. Trial of the cause before the court resulted in a decree denying the wife’s claim for separate maintenance, granting the husband a divorce. The wife was awarded custody of the children. The decree ordered payment by the husband of $250 a month alimony and $200 a month support for each of the four children, making the total for alimony and child support $1,050 per month. In addition, the decree provided that the husband should pay for special schooling of one of the children and for “psycho-therapy which may be necessary” for another of the children; that the residence of the parties be used as a home by the wife and children; that the husband should pay the monthly mortgage payments, taxes, insurance and reasonable repairs thereon; and that upon sale of the property the proceeds should be equally divided between the parties; also that the husband should continue in force certain life insurance policies aggregating $30,000 of which the children should remain beneficiaries, and should maintain a major medical insurance policy “including dental care” for the benefit of the children; and the husband was required to pay annual premiums for insurance on an automobile owned by the wife.
The appellant contends the court erred in three respects, first, in denying her claim for separate maintenance, second, in decreeing a divorce in favor of the husband, and third, that the provisions for alimony and child support were inadequate. We have considered these contentions of the appellant in the light of the record and the briefs and find them to be without merit. There is no serious challenge as to the sufficiency of the testimony of the husband to establish his charged ground of divorce, but it was argued that his case was inadequate for want of corroboration. A number of witnesses were offered in corroboration. While their testimony was sketchy, viewing it all together we hold it was adequate for the purpose, and in that respect we agree with the able trial judge whose decree comes here with a presump *485 tion of correctness. We are unconvinced by the arguments advanced on behalf of the appellant with reference to claimed inadequacy of the provisions for care and support of the wife and the children. The challenge was to the cash payments ordered. However, they were supplemented by the other provisions listed. The determination thereof was a matter resting largely in the discretion of the trial judge on consideration of the evidence and the respective needs of those to be supported and the ability of the husband who wáS' to supply it. In our opinion the wife has not met the burden of showing an abuse of discretion in respect thereto.
Affirmed.