PER CURIAM.
This appeal is from an order increasing child support payments after the entry of a *353 final decree of divorce. The appellant is the former husband. The appellee, former wife, has cross assigned error and urges that the court erred in not further modifying the final decree to provide for an increase in alimony. She also urges that the court erred in denying her prayer for attorneys’ fees.
The main thrust of appellant’s attack upon the order modifying the final decree is that the trial judge was too liberal in increasing the amount of child support for the three children from $75.00 each .per month to $125.00 each per month and in adding the provision that the appellant shall pay “the reasonable and necessary medical and dental expenses for the children during their minority.” The appellant does not argue that there has been no change in circumstances but admits a substantial increase in his earning capacity. The amount of child support is a matter peculiarly within the jurisdiction of the trial judge and will not be changed by an appellate court unless a clear abuse of discretion has been shown. See Ginsberg v. Ginsberg, Fla.App.1961, 127 So.2d 137, 138, 2 A.L.R.3d 592, and authorities cited therein. We do> not think that an abuse of discretion has been demonstrated upon the amount of child support allowed or the inclusion of the provision for future medical expenses. All provisions for child support are temporary in nature and subject to revision where a change in circumstances occurs. If an abuse of the medical provision occurs, as the appellant argues is possible, then the court may take such fact into consideration upon a petition of the former husband in the trial court.
Appellant’s second point urges that the court should have reduced or eliminated the amount of alimony because the former wife is now employed as a legal secretary. Appellant’s answer to his former wife’s petition prayed that the provision for alimony be reduced or eliminated. The amount of alimony was stipulated by the parties at the time of the final decree. The payment of the alimony was not made contingent upon the former wife’s remaining unemployed. The minor children of the parties are now in their teens and do not require the same amount of home supervision in the day hours as they did at the time of the divorce. We think this fact is one which can reasonably be said to have been anticipated. We conclude that it has not been shown that the trial judge abused his discretion in refusing to reduce or eliminate the amount of alimony.
Appellee’s points upon her cross assignments of error urge first, that the court committed error in refusing to increase the alimony, and, second, that the court erred in failing to allow attorneys’ fees. An abuse of discretion as to the amount of alimony has not been shown.
The point relative to attorneys’ fees does show error. The respondent husband affirmatively sought a reduction in the amount of alimony provided in the final divorce decree; the court should have awarded attorneys’ fees for services rendered to the wife in that portion of the proceedings, since her attorneys’ efforts were then directed towards enforcing part of the original decree. See § 65.16 Fla.Stat. (1965), F.S.A. and Selinsky v. Selinsky, Fla.1952, 62 So.2d 24.
We therefore affirm the order appealed in all particulars except the denial of the appellee wife’s motion, for attorneys’ fees. We reverse that portion of the order. Upon remand the trial judge shall upon appropriate proceedings determine the amount of attorneys’ fees to be allowed.
Affirmed in part and reversed in part and remanded for further proceedings.