HENDRY, Judge.
This is an appeal by the former wife of the appellee from an order of the Circuit Court denying her petition for an increase in alimony and child support.
The parties entered into a separation agreement which was ratified and made a part of the final decree. The agreement provided, in part, that the appellee would pay the appellant $150.00 per month alimony, $150.00 per month support for each of the two minor children, and also pay all and' any medical or dental bills in excess of $25.00 incurred for services rendered to the two children.
The plaintiff-appellant’s petition alleged that the appellee was one month in arrears' in his payment of the amounts due for alimony and child support; that the defendant owed the plaintiff $375.00 for medical expenses on behalf of the children. The petition further alleged that there had been an increase in the children’s expenses and that the earnings of the defendant had greatly increased since the entry of the final decree of divorce. The petition also contained a prayer for an allowance for *851 reasonable attorney’s fees and costs in connection with the proceedings.
The defendant denied that he was in arrears in alimony and support payments. He also petitioned the court for an order amending its final decree to relieve him from further alimony and support payment until further order of the court.
The chancellor heard the evidence of the parties and entered his order denying the plaintiff’s petition for increase in child support, and defendant’s petition to modify the final decree. The order neither granted nor denied the plaintiff’s prayer for medical expenses, which she incurred over and above the amount of the $25.00 per month as provided for in the final decree.
The appellant here contends that the chancellor erred when he denied the relief she sought in her petition. We have considered her contentions, and hold that error was committed with regard to the following: first, we feel that the appellant presented a valid claim for the medical bills incurred on behalf of the children. There is an issue raised as to the interpretation of the following provision in the final divorce decree of 1962:
“The husband hereby agrees that he shall be responsible for and pay all and any medical or dental bills in excess of $25.00 incurred for services rendered to their minor sons.”
This language is ambiguous, and we hereby resolve it to mean that, in the event any single medical or dental bill for any one month exceeds $25.00 then the husband is liable for the entire amount, and not just for the excess over and above $25.00.
We also find error in denying the appellant her costs, plus a reasonable allowance for attorney fees for certain portions of the proceedings. The respondent husband affirmatively sought a reduction in the amount of alimony provided in the final divorce decree; the court should have awarded attorney fees to the wife in that portion of the proceedings, since her attorney’s efforts were then directed towards enforcing part of the original decree. Waller v. Waller, Fla.App.1968, 212 So.2d 352, 353. Moreover, wife’s original petition for increase in child support payments, etc., alleged that the respondent-husband was in arrears as to his alimony and child support payments. The order disposing of the matter did not specifically find the correctness of that allegation, but on remand, if such arrearages are found to have been existing, then the husband is also liable for those attorney fees resulting from the first proceedings.
In all other respects, the decree stands affirmed. Reversed in part and remanded for the entry of a decree consistent with this opinion.