SWANN, Judge
(dissenting).
I respectfully dissent.
I do not believe that the appellant wife has carried the burden of appeal of showing that the trial judge abused his discretion. Gregory v. Gregory, Fla.App.1968, 208 So.2d 483.
The only documentary evidence offered in the trial was by way of proffer of a photocopy of a document entitled “Schedule of all property and affidavit of executor or administrator, trustees or heirs for Inheritance Tax Appraisal” [Emphasis added]. This was, I assume, an instrument filed in Indiana by the administrator of the estate of Miriam M. Schreiber, deceased, for the purpose of determining the amount of inheritance tax to be assessed. The proffer of this document was objected to by the attorney for the husband on the grounds that it was irrelevant, incompetent and immaterial. The proffer of the document was denied by the trial judge. The document was not a certified copy and there was no other documentary evidence presented to show the status of the estate of the deceased; any taxes or claims filed therein; the position or claims of the two other beneficiaries named in the schedule; or any other pertinent or relevant documentary evidence or oral testimony concerning the certainty of the distribution of this estate.
I do not disagree with the majority to the extent it holds that future inheritances which may be reasonably certain of ascertainment may be considered by the trial judge as capital assets in awarding alimony. See Annot. 66 A.L.R. 219 (1930). Such future inheritances, however, may not be considered where they can be based only on “the court’s surmise that [the husband] will receive them.” Whitney v. Whitney, 1958, 164 Cal.App.2d 577, 330 P.2d 947, 950.
In my opinion there was no sufficient, competent and substantial evidence to prove that this possible future inheritance was a capital asset belonging to the husband at the time of the award of alimony. The possibility that this future inheritance might become an actual capital asset of the husband in the future was too remote and speculative based on the evidence presented to the trial judge, in my opinion. Cf. *411 Traylor v. Traylor, Fla.App.1968, 214 So.2d 15 and Milander v. Milander, Fla.App.1968, 208 So.2d 876, 877.
I would, therefore, affirm.