PEARSON, Chief Judge.
The appellant is the former husband and father who appeals the property provisions in the decree of divorce awarded the wife. The judgment in numbered paragraphs provided substantially as follows:
(1) that the equities are with the appellee here;
(2) that the appellee is awarded the divorce;
(3) that the appellee is granted custody of the minor child;
(4) that the appellant shall pay alimony in the amount of $250.00 per month and child support in the sum of $175.00 per month;
(5) the court declares the appellee entitled to a special equity without specifying property;
(6) the appellee-wife is awarded a free and clear ownership of the home of the parties;
(7) the appellee is awarded one-half interest in a debt owed to the parties;
(8) the appellant is declared the owner of a drapery business;
(9) the appellee is awarded attorney’s fees in the amount of $600.00.
On this appeal the appellant urges that the court committed error in granting the alimony provided in paragraph 4, in finding that the appellee was entitled to a special equity in paragraph 5, in awarding a free and clear title to the home of the parties to the appellee and in awarding the sum of $600.00 as attorney’s fees. Appellant’s basic contention is that the record is not sufficient to establish a special equity in the home. He also points out that the judgment as entered by the trial judge requires him to execute a deed to the home free and clear of all liens and encumbrances and that this would mean that the appellant is required to pay off both an outstanding first mortgage and a second mortgage.
Our review of the record convinces us that the evidence is sufficient to sustain the claim of the appellee to a special equity in the home property, Gregory v. Gregory, Fla.App. 1968, 208 So.2d 483; Mercier v. Mercier, Fla.App.1967, 200 So.2d 204. We think that this decision of the trial judge is reinforced by the fact that the award of the home to the wife may be considered in the nature of an additional alimony inasmuch as it is the natural home for the appellee and the minor child. We find, however, that there is no reasonable basis in the record for a requirement that the appellant discharge the outstanding mortgages on the property. In all fairness it must be conceded that the appellee does not attempt to sustain this position in the record. Having considered the financial condition of the parties and the other provisions of the final judgment, we reach the conclusion that the judgment must be amended by striking from paragraph 6 thereof the words, “free and clear of liens and encumbrances thereto.” cf. Yandell v. Yan-dell, Fla. 1949, 39 So.2d 554.
We have examined the other errors assigned and find that they do not present reversible error, therefore the final judgment is amended and as amended is affirmed.
Amended and affirmed.