PIERCE, Chief Judge.
Appellant Anna Marie Jerman filed her complaint for divorce in the Sarasota County Circuit Court, alleging that her husband, Robert G. Jerman, had been guilty of extreme cruelty. A default was entered against Robert.
At the hearing Anna testified that Robert “often” used profanity toward her and stayed out “late at night without telling her where he had been”, all of which made her “nervous all the time”, and that since the separation she had felt “better”. She further testified that she had tried everything in her power to make a success of the marriage, but that she did not feel that she could make a success of it. Her corroborating witness testified that Robert never paid “any attention” to Anna, that she had been there when Robert used profanity toward Anna, that it made Anna upset and nervous and on occasions Anna had come to her apartment crying and upset. She stated that since the separation Anna seemed to be much more content. The witness also testified that she did not think these people could reconcile.
The lower Court denied the divorce and found that Anna had failed to produce sufficient evidence in support of the allegations of her complaint. Anna appealed this final judgment.
Unless the Chancellor has misapplied a settled rule of law or misapprehended the legal effect of the evidence as a whole in arriving at his conclusion, his judgment denying the divorce must be affirmed. Grossman v. Grossman, Fla.1956, 90 So.2d 115.
In Diem v. Diem, 1940, 141 Fla. 260, 193 So. 65, the Supreme Court said:
“Extreme cruelty as a ground for divorce is relative. What constitutes it may be determined by the degree of one’s culture, his emotions, nervous reac *218 tion or moral sense. * * * Any habitual indulgence on the part of one spouse that causes mental torture, undermines the health, or tends to dethrone the reason of the other, is sufficient to constitute extreme cruelty as ground for divorce.”
See also Grossman, supra, and Carlton v. Carlton, Fla.1958, 104 So.2d 363.
Upon the authority of the cases cited above, we think that the undisputed evidence was sufficient to show that Robert’s conduct constituted extreme cruelty, entitling Anna to a divorce. Somewhat reluctantly, we reverse the judgment on the main issue.
The Chancellor also denied attorney’s fees, stating that it appeared that Anna had failed to prevail in the cause and that the testimony before the Court failed to provide any criteria required for the determination of attorney’s fees as provided in the property settlement agreement admitted into evidence.
The property settlement agreement provided that “in the event of a divorce, the Husband hereby agrees to pay all attorney’s fees.” In view of our holding, Anna should be awarded attorney’s fees in accordance with the property settlement agreement.
This appeal was pending before this Court on July 1, 1971, the effective date of Chapter 71-241, Laws of Florida, 1971, the “Dissolution of Marriage Law.” Since we are “sustaining the appeal,” the dissolution of marriage law will govern this appeal. § 21(3), Ch. 71-241, supra.
We therefore reverse and remand the cause to the trial Court with directions to enter a judgment of dissolution of marriage in favor of Anna Marie Jerman in accordance with Chapter 71-241, Laws of Florida, 1971, and to award the wife a reasonable attorney’s fee.
Reversed and remanded.
LILES and MANN, JJ., concur.