HENDRY, Judge.
The wife, Dale Neckman, appellant herein, filed her complaint for dissolution of marriage after fourteen years of marriage to the appellee. Following a final eviden-tiary hearing, the trial court entered its final judgment finding the marriage irretrievably broken and dissolving the marital bonds.
The court awarded custody of the three minor children of the parties to the wife, with liberal visitation rights given to the husband. The wife also was awarded $250 per month as rehabilitative alimony for one year, and the husband was ordered to pay $1,000 per month as child support. In addition, the husband was ordered to pay all reasonable medical, dental and hospital bills incurred by his children; to pay the fees for his children’s summer camp; and to pay for the upkeep of two horses for use of the children. Lastly, the husband was required to maintain a $50,000 life insurance policy naming his children as the beneficiaries.
The wife’s sole point on appeal is that the provision of the final judgment for child support is inadequate. We disagree, and accordingly affirm the trial court.
It is well-settled that the amount allowed by the trial court as child support is temporary in nature and subject to revision where changed circumstances are demonstrated, and therefore an appellate court will be reluctant to disturb a matter which lies peculiarly within the trial judge’s jurisdiction, absent a clear showing of an abuse of discretion. Waller v. Waller, Fla.App.1968, 212 So.2d 352; Gregory v. Gregory, Fla.App.1968, 208 So.2d 483; Meltzer v. Meltzer, Fla.App.1972, 262 So.2d 470.
In the instant case, the wife relies on financial statements from the husband, the latest of which demonstrate that the husband’s net worth exceeded a million dollars and his yearly income was in excess of $100,000.
However, the husband testified that his financial picture was “illusionary,” and that he had taken an “optimistic approach” in completing financial statements in order to obtain credit from banks. The trial court concluded that 99% of the appellee’s financial statements indicate “puffing.”
In addition, there was evidence presented that the husband led a “rented” life-style. He rented the marital home for $700 a month, a boat for $900 per month, and a chauf feur-driven, • telephone-equipped Rolls-Royce for approximately $900 a month.
In our opinion, the evidence does not demonstrate a clear abuse of discretion by the trial court in awarding $1,000 monthly as child support, plus other supplemental provisions for support of the children. See, Gregory v. Gregory, supra.
Therefore, for the reasons stated, the judgment appealed is affirmed.
Affirmed.