323 So.2d 306 (1975)
Chariotte VOGEL, Appellant,
v.
Harvey VOGEL, Appellee.
No. 74-1416.
District Court of Appeal of Florida, Third District.
December 9, 1975.
Herman Cohen, Miami, for appellant.
Dubbin, Schiff, Berkman & Dubbin and Alan E. Greenfield, Miami, for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
This is an appeal from an order denying the former wife's petition to increase child support. We are here concerned with a claimed error of the trial judge in deciding the merits of the petition upon the record made before a general master and in declining to follow the recommendations of the master.[1] We hold that the recommendations of the general master were, in this case, merely advisory and may not be considered findings of fact.[2] We do not pass upon the effect of findings of fact made by a general master under the administrative order used in this case.
In the instant case, each party filed exceptions to the master's report. After *307 hearing, the court denied the exceptions and then ordered:
* * * * * *
"3. The Court has considered the Petition for Modification filed by both the Plaintiff and the Defendant, and after due deliberation, considering all the evidence, both of said Motions for Modification are denied, it being the intent of this Court that the responsibilities and the obligations of the parties shall remain as they existed by the last Order of the Court, entered prior to the most recent Petitions for Modification.
"4. Each party shall bear his own attorney's fees and costs."
* * * * * *
Our review of the record before us demonstrates that the order made by the circuit judge is supported by competent evidence and is within the bounds of his discretion in such matters. See Ginsberg v. Ginsberg, Fla.App. 1961, 127 So.2d 137, 2 A.L.R.3d 592 and Bordman v. Bordman, Fla.App. 1970, 231 So.2d 543.
Affirmed.
NOTES
[1] In 1973, the Chief Judge of the Eleventh Judicial Circuit issued an Administrative Order pursuant to rule 1.490 of the Florida Rules of Civil Procedure appointing a General Master to conduct post-decretal hearings on child support, maintenance and alimony, and subsequently authorized hearings on any matter arising under Chapter 61 of the Florida Statutes or such other proceedings as the court might direct from time to time. Administrative Orders 73-15; 73-28; 74-27. The record of this case does not contain a copy of the administrative order and the appellant has not moved to supplement the record in this particular.
[2] The master's report states the history of the case; the present marital status of the parties; the net worth of the parties as shown by their financial statements filed. The last paragraph of the report is as follows:

* * * * *
"7. That considering the testimony as presented, the evidence and exhibits, and from a review of the Court files herein, the Master recommends as follows:
"A. That support for Mark Robert Vogel be increased from $40.00 per week to $70.00 per week and that support for Susan be increased from $40.00 to $50.00 per week
"B. That the Court order partial attorneys fees to be assessed against the father in the amount of $350.00, and that such be paid within a reasonable time to Herman Cohen, Attorney for the mother. That all other and prior orders of this Court not inconsistent herewith be reaffirmed."
* * * * *