352 So.2d 1204 (1977)
Barbara Lou CICCARELLI, Appellant,
v.
Virgil CICCARELLI, Appellee.
No. 76-936.
District Court of Appeal of Florida, Fourth District.
November 15, 1977.
Rehearing Denied January 9, 1978.
Earl L. Maxwell, Jr., West Palm Beach, and Robert L. Saylor, North Palm Beach, for appellant.
Larry A. Klein, West Palm Beach, for appellee.
MILLER, ROBERT P., Associate Judge.
This is an appeal by the appellant-wife of a Final Judgment in a dissolution case wherein the Circuit Judge did not follow the exact recommendations of the Special Master who took the testimony below.
Originally appellant contested the trial judge's failure to follow the Special Master's recommendations concerning visitation rights and the major portion of the briefs are concerned with that point. However at oral argument appellant's counsel has announced such matter as being now moot in that a subsequent order has been entered by the trial court allowing visitation. The *1205 other two variances between the Master's report and the Final Judgment have to do with the length of time for the payment of rehabilitative alimony and the amount of attorney's fees to be awarded appellant's counsel.
The Special Master recommended payment of rehabilitative alimony for a period of three years, but the Final Judgment though ordering payment of rehabilitative alimony in the same amount per month provided that it shall only run two years. The Master further recommended payment of the attorney's fees in the amount of $3,600.00 to appellant's counsel and the Final Judgment provided that appellee should pay $2,500.00 "in addition to any temporary fees already awarded."
The appellant contends that the modifications of the recommendations made by the Special Master were made by the trial judge without his having actually reviewed the testimony heard by the General Master. In fact appellant contends, and the record bears out, that the partial transcript filed as a portion of the record on appeal was not transcribed until after the entry of the Final Judgment.
This court is certainly aware that where there is conflicting testimony and the veracity of the witnesses is a question to be considered that the master, who has seen and heard the witnesses and observed their demeanor while testifying, is in a better position than the trial court to determine such conflicts and that the trial court should not, in such cases, overturn the findings of the master unless they are clearly erroneous. See Harmon v. Harmon, 40 So.2d 209 (Fla. 1949), and Kalmutz v. Kalmutz, 299 So.2d 30 (Fla. 4th DCA 1974).
Certainly the issues argued in the briefs concerning visitation rights would be governed by the above principle of law. However that issue is now apparently moot.
With regard to the remaining matters the trial court had before it the Special Master's findings which included facts concerning the parties' education, income or capacity to obtain income, their professions, their assets and the need of the appellant. There is no showing that any issue existed concerning these facts. The chancellor merely decided from these facts that the rehabilitative alimony should only run for a period of two years rather than three years. We find such change consistent with the findings of fact of the Master and certainly within the bounds of the chancellor's discretion. See Vogel v. Vogel, 323 So.2d 306 (Fla. 3d DCA 1975).
Likewise we find the variance in the amount of the attorney's fee from that recommended by the Master to be consistent with the findings of fact contained by the Master's report. For these reasons the Final Judgment below is AFFIRMED.
ALDERMAN, C.J., and CROSS, J., concur.