ANSTEAD, Judge.
This is an appeal from a trial court order rejecting the findings and recommendations of a special master who had determined after hearing that the wife’s petition for modification of child support should be granted. We reverse.
In an amended petition for modification the wife alleged that the husband had agreed to pay her an additional $250.00 monthly in child support but that the husband had arbitrarily terminated this support. A copy of a written agreement providing for this additional support was attached to the petition. In his answer to the petition the husband denied the wife’s allegations about the side-agreement. However, at the hearing on modification before the master the side-agreement was introduced into evidence and both the husband and wife admitted its authenticity.
The side-agreement provided for a “reevaluation” of the need for such support after six months. The parties gave conflicting testimony as to the purpose of the side-agreement and the meaning of the reevaluation. The wife testified that the husband was concerned that his previous wife would learn of the amount of the payment if it was in a public court document and use it to extract higher support from him. Accordingly, she agreed that the additional support would be “off-the-record” for the husband’s benefit. She testified that the “re-evaluation” was to be a bilateral determination as to the need for such support to continue. She also testified that as a matter of fact such need did continue. The husband testified that the wife only needed the additional support until she got started on her real estate practice or the jointly-owned home was sold. He also testified that he was the one to do the “re-evaluation” and that it was to be based on his ability to continue to make the payments which he judged he was not able to do.
At the modification proceedings the wife’s attorney contended, in essence, that the language of the side-agreement was ambiguous but that the intent of the parties was to continuously provide $500.00 monthly support as long as the need was there. Interestingly, the typed agreement originally approved in the dissolution judgment provided $500.00 monthly child support, but the “$500.00” was marked out and “$250.00” was inserted in handwriting and initialed by the parties. Another provision marked out, and the markings signed by the parties, provided:
c. Each understands and agrees that this Agreement constitutes the entire contract of the parties. It supersedes any prior understandings or agreements between them upon the subjects covered in this Agreement. There are no representations or warranties other than set forth in it.
It could be inferred that tjjis provision was marked out because there was indeed an additional agreement between the parties as to child support. The master, after considering all of this evidence, accepted the wife’s version and ruled accordingly.
We believe the master’s finding resolved an issue of fact and, given the evidence to support the master’s findings, that such resolution should have been upheld by the trial court. In Ciccarelli v. Ciccarelli, 352 So.2d 1204 (Fla. 4th DCA 1977) this court held:
[W]here there is conflicting testimony and the veracity of the witnesses is a question to be considered ... the master, who has seen and heard the witnesses and observed their demeanor while testifying, is in a better position than the trial court to determine such conflicts and the trial court should not, in such cases, overturn the findings of the master unless they are clearly erroneous.
Id. at 1205. In our view that holding fits this case perfectly.
For the reasons set out above we reverse the trial court’s order and remand with directions to reinstate the master’s findings.
HERSEY, J., concurs.
HURLEY, J., dissents with opinion.