164 So.2d 219 (1964)
W.R. CARTER, Appellant,
v.
Mary Alice CARTER and Florida Land and Tobacco Company, Inc., Appellees.
No. E-458.
District Court of Appeal of Florida. First District.
May 21, 1964.
*220 A.K. Black, Lake City, for appellant.
Jopling & Darby, Lake City, for appellee.
Brannon, Brown, Norris & Vocelle, Lake City, for intervener.
RAWLS, Judge.
We are here concerned with an interlocutory appeal by appellant-defendant W.R. Carter from a post decretal order entered by the chancellor involving the enforcement of alimony payments.
Appellee-plaintiff, Mary Alice Carter, obtained a decree of divorce in the Circuit Court of Columbia County, Florida, on October 18, 1961 from the appellant-defendant husband, who participated in the divorce proceedings. In the final decree the chancellor awarded alimony in favor of the wife in the sum of $400.00 per month. Subsequent to the decree, the husband in November and December 1961, failed to make the monthly alimony payments. The wife instituted legal proceedings which resulted in the husband's paying the delinquent alimony payments and voluntarily depositing $20,000 in a bank located in the State of Tennessee with instructions to his sister to send the monthly alimony checks to his former wife. This the sister did during each month in 1962. In December 1962, the husband, after acquiring a new wife, immediately withdrew the remaining sum deposited in the Tennessee bank and did not make alimony payments to his former wife in the following months of January, February and March. At this time plaintiff was residing in the State *221 of Tennessee and the defendant and his new wife were residents of the State of Mississippi.
On March 25, 1963, plaintiff instituted the proceeding with which we are here concerned by filing in the Circuit Court in Columbia County, Florida, a petition in which she alleged: (1) that she has had previous difficulties in obtaining her monthly alimony and that her former husband has failed to make payments for the months of January, February and March 1963, (2) that she was 63 years of age, in extremely poor health, requiring extensive medical treatment, (3) that defendant's sole asset in Florida is a promissory note secured by a purchase money mortgage on real and personal property in the sum of $100,000, said mortgaged property being located in Columbia County, Florida. The petition then prays for a judgment in the sum of $1,200 and for a lien against the mortgage for the existing arrearage and to secure future alimony payments.
The primary thrust of appellant's nine points on appeal goes toward questioning the jurisdiction of the chancellor over the person of appellant and the res involved which was in part insurance drafts totaling more than $50,000 hereafter discussed in greater detail.
The defendant husband did not enter an appearance in the lower court in this supplemental proceeding. However, after entry of the modified decree he filed a suggestion for writ of prohibition setting forth some of the factual matters now raised on appeal. Although this Court declined to issue rule nisi, that refusal was not conclusive of the questions here presented. For that reason we are reviewing in detail the essential factual matters pertaining to the question of jurisdiction which appear in this record.
The various certificates of service in this supplemental proceeding reflect that copies of the petition as well as copies of the first notice of hearing were sent by mail to:
 Mr. W.R. Carter
 4115 1/2 Seminole
 Jackson, Mississippi
 Mr. Milo I. Thomas, Jr.
 Attorney at Law
 Lake City, Florida, attorney for defendant
Mr. Thomas was apparently designated as attorney for defendant in this proceeding since he acted in that capacity in the original divorce action. On the 12th day of April 1963, plaintiff's attorney furnished another notice of hearing by mail directed to Mr. W.H. Wilson, Jr., East Madison Street, Lake City, Florida and to Mr. Milo I. Thomas, Jr., 228 East Duval Street, Lake City, Florida, attorneys for defendant. Of particular significance, this notice of hearing recited the following statement: "Since the hearing in the above styled cause set for Saturday, April 13, 1963, was continued at the request of attorneys for defendant, you are notified * * *" The transcript of the hearing reflects at the beginning the following observation made by plaintiff's attorney:
"If it pleases the Court, I would like for this record to show that this hearing was held at 7:30 P.M. on Friday, April 19, 1963, by verbal order of the Court, after prior continuance at the request of counsel for the defendant, W.R. Carter and that although the counsel for Mr. Carter state that they are only spectators  that they are physically present at this hearing. Mr. W.H. Wilson and Mr. Milo Thomas being physically present at this hearing."
and at the conclusion thereof:
"Q. Does counsel wish to ask Mrs. Carter any questions?"
By Mr. Milo Thomas:
"A. I am not here."
*222 Also the chancellor found in his decree herein that the foregoing hearing reflects while this cause was pending the wife was paid the twelve hundred dollars arrearage by Milo Thomas, Esquire, Mr. Carter's attorney.
The Supreme Court when confronted with a similar problem in Kosch v. Kosch[1] held that a proceeding to modify the alimony provisions of a divorce decree is by nature supplemental to the original decree and since it is only a continuation of the original proceeding, parties properly brought within the jurisdiction of the trial court in the divorce action, are not again entitled to actual service of process but only to adequate and reasonable notice of the new proceeding. Such notice may be by mail. The Kosch case clearly stands for the proposition that the sufficiency of a notice in a supplemental proceeding should in each instance be tested by its reasonableness and by the adequacy of the opportunity afforded the opposing party to be heard and to defend himself. Justice Drew, speaking for the Supreme Court in Moore v. Lee,[2] stated the test succinctly as follows:
"* * * What we do mean  and hold  is that the adverse party is entitled to adequate notice and opportunity to be heard before such decree may be altered in a manner that will directly affect his person, status or property. "This rule imposes no hardship on the parties  it does not hamper the court in the administration of justice and it is in accord with all of our concepts of fair play and due process. Anything less is insufficient and contrary to American traditions.
* * * * * *
"* * * The determination of the sufficiency of the notice is confined to the revelations of the record itself * * *. Feuer v. Feuer, 156 Fla. 117, 22 So.2d 641."
The record in this case discloses that notice of each of the foregoing hearings was mailed to the defendant personally at his address in Mississippi; that payment of the arrearage was made within two weeks of the hearing through the attorney for defendant; that the first hearing was continued for the convenience of the attorneys for defendant; and that Mr. Thomas and Mr. Wilson were present throughout the hearing with no protest being made by either of them when plaintiff's attorney referred to them as "attorneys for defendant". It is particularly significant that at no time during the trial proceedings, or upon this appeal, has the defendant denied receiving said notices or denied that he lived at the address to which the notices were sent. We conclude that defendant was given adequate notice and opportunity to be heard at the hearing held on April 19, 1963.
We are not unmindful of the well established rule in Florida to the effect that after a final divorce decree has been entered and time for appeal has expired, no presumption exists that the attorney of record for any party in the original action has authority effectively to bind that party in any supplementary proceeding to modify the decree.[3] This rule is not applicable to the situation here presented. Not only is our decision here based upon the sufficiency of the notice to the defendant himself, but this appeal is devoid of any claim that the attorney was acting without the knowledge, consent and authorization of appellant when the arrearage was paid or at any other time during the proceeding.
The next episode in this conflict involves appellee, Florida Land and Tobacco Company, *223 Inc., which will henceforth be referred to as the mortgagor, for it appears upon the scene as a result of occupying that position with reference to the $100,000 note and mortgage mentioned at the outset, the husband being the holder of said note and mortgage. On May 17, 1963, the mortgagor filed a pleading entitled "Petition of Interpleader" alleging therein that it was in possession of checks payable to it and defendant. W.R. Carter, in the amount of $50,000, which sum was derived from fire insurance policies; that pursuant to the terms of the mortgage, W.R. Carter had exercised his option to receive this money and apply it on the indebtedness; and that during the period when the mortgagor and defendant W.R. Carter were negotiating for a complete settlement on said note and mortgage, it [the mortgagor] received notice of lis pendens. The gist of mortgagor's remaining allegations was that it, finding itself in the middle of a fight between plaintiff and defendant, wanted to tender the checks properly endorsed by it into the registry of the court together with $4,166.67 representing outstanding interest for which it sought credit on the principal and interest due on the mortgage.
To say the least, defendant is not pleased with the action of the mortgagor in tendering the insurance checks and interest into the registry of the court. On this appeal he questions the jurisdiction of the chancellor to proceed upon the "Petition for Interpleader" on the grounds that a suit in interpleader contemplates the institution of a new action which necessitates service of process prior to the court's acquiring jurisdiction of the parties and the subject matter. Were the instant petition what it is labeled, we would be inclined to agree with appellant; however, the posture of the cause, the parties being before the chancellor, and the issues delineated by the petition, clearly presented to the chancellor an application to intervene as provided in Rule 3.4, Florida Rules of Civil Procedure, 31 F.S.A., rather than an original interpleader suit. Such a conclusion is readily buttressed by a brief review of the essential facts existing at the time of the filing of the petition by mortgagor, viz: The wife had upon reasonable notice sought a lien against the indebtedness owing to the husband by the mortgagor; the mortgage indebtedness constituted the res in this dispute; the mortgagor was the obligor, and therefore a necessary and essential party whose interest was subordinate to the main proceedings; and its petition for relief brought the proceedings into a position so that the rights of all parties interested in the subject matter could be resolved in the pending equitable proceeding. The chancellor was correct in holding that he had jurisdiction of the subject matter and the parties.
Appellant's remaining points mainly go toward the propriety of the chancellor's setting aside the subject funds to enforce the monthly alimony payments, his method in arriving at the sum so required, and his authority to turn over the principal to the Clerk of the Circuit Court for depositing same into secured savings accounts.
A chancellor in entering divorce decrees is authorized by statute[4] to require security to be given to assure the future compliance by husband with the order of the court in the matter of monthly alimony payments. This statute has been held to be a continuing authorization which may be invoked by the chancellor in subsequent proceedings instituted by the wife to enforce payment of alimony.[5] Such an enlargement of the decree is dependent upon sufficient allegations and proofs showing a change of circumstances as would justify the modification.[6] The facts in the instant cause provide a classic example of *224 a situation where a chancellor may properly require security. The petition here alleged a change of circumstances and prayed for security for the future payment of her alimony fixed in the original decree in the sum of $400.00 per month. The change of circumstances as alleged and proved included the recalcitrant attitude of the defendant in paying alimony, the removal of the defendant's residence from the State, and the present attempt of the defendant to liquidate and remove the only asset remaining within the jurisdiction of the court to which the chancellor may look for enforcement of his decree. The husband has remarried, and by his general conduct has displayed a concerted design to evade the alimony provisions of the divorce decree. These facts more than sustain the correctness of the action of the chancellor in assuring the wife, within reasonable means, that she will receive that which the chancellor has ordered to be paid. We likewise find no error in the method used in computing the amount of security required.
As to the propriety of directing the clerk to deposit the alimony funds in secured savings accounts, we find this was the most reasonable course available to the chancellor under the circumstances disclosed in this record, especially in view of the fact that the husband may at any time subsequent to this action petition the chancellor for a change in this provision upon showing of proper circumstances and a proffer of other security either in the form of a performance bond or in such form as the husband may proffer. In short, this husband has not played fair with the court and his first wife of some thirty years, and he is hardly in a position at this time to say that the court hasn't played fair with him.
As to appellant's remaining point concerning the effect that certain matters dehors the record would have upon the jurisdiction of the subject matter, we simply say that this court reviews the cause as presented to the chancellor and will not undertake to resolve questions as to matters not properly a part of the record.
The judgment of the chancellor is affirmed.
CARROLL, DONALD K., Acting C.J., and MASON, E., Associate Judge, concur.
NOTES
[1] Kosch v. Kosch, 113 So.2d 547 (Fla. 1959).
[2] Moore v. Lee, 72 So.2d 280, 42 A.L.R.2d 1112 (Fla. 1954).
[3] Moore v. Lee, supra.
[4] Section 65.08, Florida Statutes, F.S.A.
[5] Stern v. Stern, 75 So.2d 810 (Fla. 1954).
[6] Section 65.15, Florida Statutes, F.S.A.