PER CURIAM.
The appellant here is the former husband of the appellee. He petitioned in the trial court for a reduction of the amount of alimony set by a property settlement agreement and incorporated in a final judgment of divorce entered in 1971. The matter was referred to a general master who, after the taking of extensive testimony, made an equally extensive report recommending a reduction in the amount of alimony to be paid. The circuit judge, after hearing exceptions to the report, entered a judgment adopting the findings and recommendations of the general master. We affirm upon authority of Shaw v. Shaw, 334 So.2d 13 (Fla.1976); and Herzog v. Herzog, 346 So.2d 56 (Fla.1977).
The appellant relies for reversal principally upon the argument that the trial court failed to follow the applicable law as set forth by this court in Anderson v. Anderson, 333 So.2d 484 (Fla. 3d DCA 1976). The holding in the Anderson case, under its own facts, is that “ . . . the ruling of the trial court for continuance of payment of the alimony in the face of a clear showing that the wife had become self supporting, was an error of law.” No such fact clearly appears from this record. The best that can be said here for Mrs. Rothenberg is that she has improved her position in an endeavor to become self-supporting. The finding of the general master that the wife’s salary of $9,000, as a bank employee, does not make her self-supporting arrives in this court with the presumption of correctness. See Shaw v. Shaw and Herzog v. Herzog, supra.
Affirmed.