358 So.2d 126 (1978)
Latham DAVIS, Jr., Appellant,
v.
Mary B. DAVIS, Appellee.
No. HH-372.
District Court of Appeal of Florida, First District.
May 5, 1978.
Selig I. Goldin, Gainesville, for appellant.
W.C. O'Neal of Chandler, O'Neal, Gray, Lang & Haswell, Gainesville, for appellee.
SMITH, Judge.
Latham Davis, Jr., appeals from a final judgment of dissolution awarding his former wife $2,200 per month alimony until she dies or remarries, and providing that the alimony obligation shall survive Mr. Davis' death and be secured by a lien against Mr. Davis' interest in certain real property.
Mr. Davis petitioned for dissolution when he was 56 years old and Mrs. Davis was 59. They had been married 27 years and had enjoyed a very comfortable standard of living, including frequent travel, country club membership, and other amenities of an affluent life. Both were in reasonably good health but Mr. Davis had retired from active employment on his doctor's advice. Mrs. Davis had never been employed outside the home and had no training for employment, but the court found that her contribution to the marriage had enabled Mr. Davis to accumulate a substantial estate in his own name. Mr. Davis had assets valued at over $2,000,000 and annual income in retirement of $100,000.
Without continuing alimony payments, Mrs. Davis would be subject to a substantial, perhaps shocking, change of financial position if Mr. Davis should predecease her. Considering all these unique circumstances, the trial court did not err in extending Mr. Davis' alimony obligation beyond his death and in making the obligation a charge on his estate. First National Bank in St. Petersburg v. Ford, 283 So.2d 342 (Fla. 1973). We consider, however, that the trial court should have explicitly reserved jurisdiction to consider making a lump sum award to Mrs. Davis, equivalent to the then present value of her interest in receiving lifetime alimony, in the event of Mr. Davis' early death. Such an award would preclude an indefinite delay in closing the estate, reducing hardship and inconvenience to the *127 executor and beneficiaries alike. The judgment is accordingly modified.
The trial court exceeded its power in making the alimony obligation a lien against certain of Mr. Davis's real property holdings. While trial courts have authority to make provisions securing alimony payments, that power is to be exercised only "[w]hen either party is about to remove himself or his property out of the state, or fraudulently convey or conceal it ..." Section 61.11, Florida Statutes (1977). In the absence of evidence showing an intent to be uncooperative or an intent to convey or conceal assets, the imposition of a security requirement is unjustified. Stern v. Stern, 75 So.2d 810 (Fla. 1954); Peteler v. Peteler, 145 So.2d 291 (Fla. 3d DCA 1962). Compare Carter v. Carter, 164 So.2d 219 (Fla. 1st DCA 1964).
The record here demonstrates no intent or desire by Mr. Davis to avoid alimony payments. In the final judgment, the trial judge noted that "[s]ince their separation in December, 1974, the wife has continued to reside in the marital home, and the husband has provided her with cash and other benefits so as to enable her to maintain a standard of living approximating that established during the marriage." We recognize the trial judge's concern that Mr. Davis might dispose of his assets and frustrate the court's intention to provide alimony payments continuing beyond his death. But we hold that there must be evidence of such intent to justify the imposition of a lien.
Mr. Davis' other points are without merit. That portion of the judgment appealed from which imposes a lien on real property is REVERSED, the judgment is MODIFIED to provide for retention of jurisdiction for the purpose stated; and as so modified the judgment is otherwise AFFIRMED.
McCORD, C.J., and BOYER, J., concur.