429 So.2d 730 (1983)
Elga B. WHITE, Husband, Appellant,
v.
Latrell WHITE, Wife, Appellee.
No. AM-357.
District Court of Appeal of Florida, First District.
March 24, 1983.
Rehearing Denied April 28, 1983.
Frank A. Baker, of Baker, McClellan & House, P.A., Blountstown, and M. Stephen Turner, of Culpepper, Beatty & Turner, Tallahassee, for appellant.
*731 S. Jack Carrouth and William L. Grossenbacher, of Horne, Rhodes, Jaffry, Horne & Carrouth, Tallahassee, for appellee.
SHIVERS, Judge.
Husband contests the alimony, property and supplemental attorney's fee award ordered by the trial court following dissolution of a thirty year marriage.
He raises the following issues on appeal:
I. WHETHER HUSBAND SHOULD PAY PERIODIC ALIMONY UPON WIFE'S REMARRIAGE OR HUSBAND'S DEATH, AND WHETHER HUSBAND'S ESTATE SHOULD BE CHARGED TO MAKE ALL REQUIRED PAYMENTS.
II. WHETHER A LIEN SHOULD BE PLACED ON HUSBAND'S PROPERTY TO SECURE PERIODIC ALIMONY PAYMENTS IN THE ABSENCE OF ANY EVIDENCE THAT HUSBAND INTENDS TO FRAUDULENTLY CONVEY OR CONCEAL ASSETS.
III. WHETHER HUSBAND SHOULD MAKE MORTGAGE, INSURANCE AND TAX PAYMENTS ON WIFE'S PROPERTY.
IV. WHETHER WIFE SHOULD BE AWARDED SPECIAL EQUITY IN A BUSINESS INVESTMENT ACQUIRED AND OWNED SOLELY BY HUSBAND.
V. WHETHER HUSBAND SHOULD PAY ATTORNEY'S FEES AND COSTS IN CONNECTION WITH THE DENIAL OF MOTION FOR REHEARING RAISING MERITORIOUS ISSUES.
There are three children of the parties' marriage, but all are now over 18 years of age. During the first third of the marriage, the wife was the main breadwinner for the family and furnished support for the husband while he completed undergraduate and medical schools. The wife received no post-high school education. After the husband began practicing medicine in Blountstown, the wife assisted greatly in the husband's medical office, usually without pay. When she did receive pay, the proceeds were deposited in the parties' joint account and used for their mutual support.
The trial court found that the wife made extraordinary contributions of capital and labor in the acquisition of properties owned solely by the husband and that she is entitled to a special equity in the properties. The court further found that the wife is in need of financial support and, because of her education and poor health, she is unlikely ever to be self-supporting; the husband was found to be fully able to make reasonable alimony payments to the wife.
The trial court's order awarded the wife exclusive ownership of the marital home which the parties had owned as tenants by the entireties, and required the husband to make all payments on the existing mortgage, to pay all real property taxes on the property and to maintain casualty insurance upon it.
The order further directed that the property owned solely by the wife should remain her separate property, and that the property owned solely by the husband should remain his separate property, except that the trial court granted the wife half of the husband's interest in Trans-Air Aviation, Inc.
The court further ordered the husband to maintain medical and dental insurance upon the wife, to pay her $1,500 per month as permanent periodic alimony, such payments to continue until the wife dies, the payments to be made by the husband's estate in the event of his predemise. The order made the alimony a lien upon all real estate and personalty owned by the husband at the time of the order or subsequently acquired.
It is clear that the trial court concluded from the evidence that equity, justice, as well as the financial status, earning power and health of each of the parties required that the husband or his estate support the wife during the remainder of her life.
*732 In Issue I, the husband maintains the periodic alimony payments which he is required to make should cease upon the wife's remarriage or upon the husband's death and that his estate is not required to make them. Although, in this case, we believe it might be eminently fair to do what the trial court has ordered, we must agree with the appellant.
In the absence of an agreement or stipulation, alimony normally terminates on the remarriage of the receiving spouse. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). Further, the obligation to pay alimony ceases upon the death of the obligor, unless the obligor has expressly agreed that his estate shall continue to pay alimony after his death. See O'Malley v. Pan Am. Bank of Orlando, 384 So.2d 1258 (Fla. 1980). Here the record reveals no such agreement or stipulation. We reverse on this issue.
In Issue II, the husband argues that the trial court erred in ordering a lien placed on husband's property to secure periodic alimony payments in the absence of evidence that husband intends to fraudulently convey or conceal assets. We agree. Such a lien is proper only where there is evidence of intent to be uncooperative or to convey or conceal assets. See Davis v. Davis, 358 So.2d 126 (Fla. 1st DCA 1978). The record does not support wife's allegations that husband attempted to conceal any of his assets or to conceal the fact that he had placed the proceeds from the sale of his Trans-Air stock in the Merrill Lynch account. We reverse on this issue.
In Issue III, the husband is concerned about his continuing obligations on the formerly jointly owned marital home and furnishings which the trial court awarded to the wife. The husband contends he should not have to make the mortgage payments, pay the taxes and maintain casualty insurance on this property. The husband is already responsible to the mortgagee and the trial court did not err in requiring as lump sum alimony, for him, or his estate, to be responsible for the obligations of this mortgage. The mortgage presumably included not only the obligations to pay the note and mortgage, but to pay taxes and maintain casualty insurance. It is fair to suppose that the trial court is not requiring the husband to do anything he is not already obligated to do, but is adjudging that as between the husband/his estate and the wife, the husband/his estate, rather than the wife, shall be responsible. We affirm the trial court on this issue.
In Issue IV, the husband asserts that the wife should not have been awarded half of the husband's interest in Trans-Air Aviation, Inc. He states the record does not support such an award and cites Duncan v. Duncan, 379 So.2d 949 (Fla. 1980), for the proposition that a special equity exists only when a spouse has contributed funds, property or services over and above the performance of ordinary marital duties to the acquisition of that property. Husband maintains there was no showing the wife made any extraordinary contribution of funds or services toward the purchase of the interest in Trans-Air. The order does not state whether the Trans-Air stock was awarded as lump sum alimony or as special equity. Under the facts of this case, the award can be upheld as lump sum alimony. See Fell v. Fell, 421 So.2d 790 (Fla. 1st DCA 1982) and we affirm the trial court on this issue.
On Point V, husband declares that he should not have to pay the wife's attorney's fees and costs in connection with the motion for rehearing raising meritorious issues. Some of the issues raised by the husband were meritorious, but we do not find the trial court abused its discretion and we affirm the court on this issue.
Because of our reversal on Issue I we remand for consideration by the trial court of making an increased lump sum alimony and/or increased property award to the wife.
REVERSED and REMANDED.
ERVIN, J., concurs.
MILLS, J., concurs in part and dissents in part with opinion.
*733 MILLS, Judge, concurring in part and dissenting in part:
I agree with the majority on all of the issues disposed of by it except I would not remand to the trial court to consider increasing its lump sum alimony or property award to the wife.
We have affirmed the trial court's awards in every respect and they are bountiful. Having done this, I am unaware of any legal or moral reason for remanding to the trial court with instructions that it consider increasing the amount of alimony or property already awarded the wife.