464 So.2d 1289 (1985)
James L. KENNEDY, Appellant,
v.
Joann KENNEDY, Appellee.
No. AS-413.
District Court of Appeal of Florida, First District.
March 7, 1985.
Rehearing Denied April 3, 1985.
*1290 J. LaDon Dewrell of Dewrell, Blue & Brannon, Fort Walton Beach, for appellant.
Ferrin C. Campbell, Crestview, for appellee.
ZEHMER, Judge.
James L. Kennedy, the former husband, appeals an order denying in part his petition for modification of alimony. Joann Kennedy, the former wife, cross-appeals from the same order. We affirm in part and reverse in part.
The marriage of the parties was dissolved in 1976 by a final judgment of the Circuit Court of Okaloosa County which effected a property settlement and ordered the husband to pay $750 per month permanent periodic alimony. Several months later, a modification order increased this amount to $1,000 per month. Thereafter, the husband remarried and moved to his new wife's home state of Louisiana. He sold his property interests in Florida and received in payment notes secured by mortgages on the property. He has suffered substantial medical problems, and his new wife has been appointed curator of his estate by a Louisiana court.
This modification proceeding commenced in July 1981 when appellee wife filed a petition alleging that appellant intended to remove his property from the state and deprive her of alimony. Her petition requested the court to protect her interest by (1) ordering the lump-sum payment of the present value of her alimony, or (2) giving her a security interest in the husband's assets. Appellant husband counter-petitioned for elimination or reduction of alimony based on changed circumstances.
Some eighteen months later, the matter came on for hearing before the Circuit Court of Okaloosa County. In the order entered March 10, 1983, the court determined that appellant husband was in arrears in the payment of alimony in the amount of $9,500 and imposed "a lien against all sums due and to become due from all notes and mortgages" owned by the husband and recorded in Okaloosa County. The lien so ordered was "placed against said mortgages jointly and severally to secure the payment of the arrears of alimony in the amount of $9,500 at the rate of $500 per month beginning April 1, 1983." The order also provided: "The proceeds or payments on all of these eight (8) notes and mortgages shall be held in a constructive trust by the recipient of the payments thereof for and on behalf of the payment of the arrearage... ." Finding that a "substantial change of circumstances" had occurred warranting modification of the periodic alimony, the court ordered the alimony "reduced to the sum of $500 per month commencing 1 April 1983," payable on the first day of each month thereafter. The court order further specified:
As each monthly alimony payment becomes due, the rights thereto shall vest and be chargeable against the estate of the petitioner, James L. Kennedy, Sr., and shall likewise be secured by the lien against all eight of the above-described notes and mortgages of the petitioner, and the recipient of the monthly payments on said notes and mortgages shall hold such funds in a constructive trust for the payment of the reduced alimony due the respondent each month beginning April 1, 1983.
The appellant husband's first point on appeal is that the court erred in placing a lien against the notes and mortgages to secure his payment of periodic alimony. *1291 Relying on White v. White, 429 So.2d 730 (Fla. 1st DCA 1983), and Davis v. Davis, 358 So.2d 126 (Fla. 1st DCA 1978), he argues that the evidence was insufficient to support a finding of intent on his part to convey or conceal assets for the purpose of avoiding payment of alimony. In any event, appellant contends, the trial judge abused his discretion in placing a lien against all appellant's assets.
Section 61.11, Florida Statutes (1981), provides in part:
When either party is about to remove himself or his property out of the state, or fraudulently convey or conceal it, the court may award a ne exeat or injunction against him or his property and make such orders as will secure alimony to the party who should receive it.

(emphasis added.) This statute authorizes the court to impose a lien to secure the payment of alimony where a party intends to convey or conceal assets to avoid that obligation. Both White and Davis stand for the proposition that "a lien is proper only where there is evidence of intent to be uncooperative or to convey or conceal assets." White v. White, supra, at 732. The facts and issues in this case differ from White and Davis sufficiently that neither case is controlling. The record in this case contains sufficient evidence of the husband's intent to be uncooperative and avoid payment of alimony to support the trial court's order imposing a lien to secure alimony payments. See Carter v. Carter, 164 So.2d 219 (Fla. 1st DCA 1964).
It does appear, however, that the trial court abused its discretion in imposing a lien on all the notes and mortgages to secure the payment of $500 per month periodic alimony and the temporary payment of $500 per month in arrearages. The total income from all mortgages is over $3,500 per month  more than seven times the monthly indebtedness being secured. The lien against all these notes and mortgages is vacated with directions that the trial court, on remand, impose a lien on only that portion of the property reasonably necessary to secure the monthly payments ordered.
The appellant husband next complains that the trial judge erred in ordering that the reduced alimony payments became effective April 1, 1983 (subsequent to the date of the order), rather than August 11, 1981, the date appellant filed his counter-petition for reduction of alimony. The rule appears to be well settled that the trial judge
has the discretion to make the modification effective as of the date of the petition for modification ... or subsequent thereto but prior to the date of the order of modification. See McArthur v. McArthur, 106 So.2d 73 (Fla. 1958); Simon v. Simon, 155 So.2d 849 (Fla. 3d DCA 1963).
Brisco v. Brisco, 355 So.2d 506, 508 (Fla. 2d DCA 1978). Accord, Lau v. Lau, 407 So.2d 927 (Fla. 3d DCA 1981). We do not read Friedman v. Friedman, 307 So.2d 926 (Fla. 3d DCA 1975), and Meltzer v. Meltzer, 262 So.2d 470 (Fla. 3d DCA 1972), cited by appellant, as abrogating this discretionary rule and requiring, as a matter of law, that the modification must always become effective on the date the petition is filed. The record in the instant case supports the trial court's exercise of discretion in refusing to make the order effective from the filing of the petition. On the other hand, the reduced alimony was not ordered to take effect "prior to" the date of the order of modification but subsequent thereto, contrary to the applicable rule. Therefore, the effective date of the order is vacated with directions to make the order effective on or before March 10, 1983, as determined by the trial court in the exercise of its discretion on remand.
Appellant's contention that the court erred in failing to reduce the monthly alimony below $500 because of the husband's diminished ability to pay and the wife's lack of need is without merit. Appellant has not demonstrated any abuse of discretion on this point.
*1292 Finally, the appellant husband contends that the trial court erred in establishing the permanent periodic alimony as a charge against his estate, arguing that the language of the order is unclear and may impose an obligation on his estate to pay alimony after his death. Appellant has no obligation to pay alimony after his death. E.g., White v. White, supra. Past-due installments of alimony, however, become vested property rights enforceable against his estate. E.g., Gottesman v. Gottesman, 202 So.2d 775, 777 (Fla. 3d DCA 1967). As we construe the language of the order, the estate is not obligated to pay alimony accruing after appellant's death and only alimony accruing prior to appellant's death and remaining unpaid shall become a charge against his estate. We see no reason to disturb the order in this regard.
The appellee wife's cross-appeal raises four points concerning the trial court's abuse of discretion in reducing the alimony to $500, failing to award lump-sum alimony equal to the present value of periodic alimony, calculating the alimony arrearages due, and failing to award the wife attorney's fees and costs, as well as to impose sanctions against the husband. We find no abuse of discretion on any of these points.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
THOMPSON and WIGGINTON, JJ., concur.