SCHEB, Judge.
In a dissolution of marriage proceeding, the court ordered Howell James Tuten, the husband, to pay his wife, Betty Jane Tuten, temporary alimony of $100 per week. The husband failed to make any of the required payments. After several weeks the wife sought to hold him in contempt. On October 2, 1985, the trial judge found the husband in contempt for failing to make payments due through September 18, 1985, and set an amount of $1,100 to purge that *271 contempt. On October 25, 1985, the husband filed an untimely motion to set aside that order. Additionally, on that same date, he filed a motion seeking to modify the temporary support order.
The court on December 16, 1985, denied the husband’s motions and again found him in contempt for failing to make payments due from September 18, 1985, through December 5, 1985. The trial judge ordered him to serve ninety days in jail unless he paid alimony arrearages of $1,100.
The husband filed a notice of appeal on January 13, 1986, challenging these orders. The notice is untimely as to the October 2 order; thus, we lack jurisdiction to review that order. But, we have jurisdiction to review the order of December 16, 1985. That order found the husband in contempt and set a purge amount of $1,100 for that contempt. That order denied modification of the order for temporary support. We find merit only to the husband’s contention that the trial court erred in setting the purge amount at $1,100 in the December 16 order.
In Bowen v. Bowen, 471 So.2d 1274 (Fla. 1985), the supreme court held that in a civil proceeding if “contempt is found, the trial judge must separately find that the con-temnor has the present ability to pay the purge amount before incarceration can be imposed to obtain compliance with the court order.” Id. at 1280.
Here, the evidence revealed that even though the husband was working and earning sufficient wages to make the temporary alimony payments, he failed to make any payments to his wife. The evidence, however, failed to demonstrate that when he was held in contempt on December 16 he had the present ability to pay the purge amount set by the judge.
We affirm the trial judge’s order refusing to modify the temporary alimony order and finding the appellant in contempt. However, we vacate the purge amount for the December 16 contempt. We remand for further proceedings consistent with Bowen and this opinion.
DANAHY, C.J., and GRIMES, J., concur.