ERVIN, Judge.
Joann Kennedy, the former wife, appeals an order modifying an alimony award entered by the trial court after remand of a prior modification award by this court in Kennedy v. Kennedy, 464 So.2d 1289 (Fla. 1st DCA 1985). James L. Kennedy, the former husband files a cross-appeal. We affirm in part, reverse in part, and remand with directions.
As to the cross-appeal, the husband objects to a portion of the trial court’s order on remand as in conflict with a portion of the prior opinion of this court, which, in approving the lower court’s order reducing an alimony award to $500.00 per month, had also reversed imposition of a lien against income from certain mortgages owned by the husband totaling over $3,500.00 per month, in order to secure the $500.00 per month alimony for the wife, and directed the trial court to “impose a lien on only that portion of the property reasonably necessary to secure the monthly payments ordered.” Id. at 1291 (e.s.). On remand, the circuit court ordered that liens be placed against two mortgages totaling monthly income in the amount of $911.24 and directed that the proceeds from these mortgages be placed in an interest-bearing alimony escrow account. In addition the circuit court directed that no disbursements from the account be made to the husband without a court order. The intent of the court in creating the escrow account, and in allowing the excess payments to accumulate in the account was to insure that the wife would continue to receive her alimony payments after the mortgages expired.
Initially, we find that placement of a lien against $911.24 of income per month does not violate this court’s prior opinion, which imposed no requirment to secure a lien on income totaling the exact amount of the alimony, only an amount necessary to reasonably secure the monthly payments. We therefore conclude the $911.24 lien will achieve the purpose of reasonably securing to the wife alimony in the amount of $500.00 per month.
We also conclude that the creation of a bank account by the trial court to accumulate funds in order to pay alimony beyond the duration of the mortgages conflicts with this court’s prior opinion, and with the concept of permanent, periodic alimony. This court directed that a lien be placed to reasonably secure the monthly alimony payments — not as a method of insuring against future declines in the former spouse’s income. Permanent, periodic alimony is based on “the needs of one spouse for the funds and the ability of the other spouse to provide the necessary funds.” Canakaris v. Canakaris, 382 So.2d 1197, 1201 (Fla.1980). “Once instituted, permanent periodic alimony is subject to modification upon a substantial change of circumstances_” Id. at 1202. In our earlier Kennedy opinion, this court affirmed reduction in alimony paid by the husband from $1000.00 per month to $500.00 per month, due to changed circumstances. If the husband’s income declines once the mortgages in question expire, the alimony award may again be subject to modification. On remand, the trial court is directed to insure that the husband has access to any monies subject to the lien approved in excess of the $500.00 per month alimony payment. No accumulation of monies in an escrow account is allowed.
We find that the issues raised by appellant, Joann Kennedy, are without merit and affirm as to them.
*954 AFFIRMED in part, REVERSED in part, and REMANDED.
WIGGINTON and BARFIELD, JJ., concur.