SHIVERS, Judge.
Appellant, the former Husband, appeals the final order of the trial court that 1) reduced the amount of his monthly alimony obligation; 2) found him in willful contempt for non-payment of past-due alimony amounting to an arrearage of more than $6,000.; and 3) failed to retroactively modify alimony to the date of his filing the petition for modification, but instead set the effective date subsequent to the order itself. We affirm as to Issues One and Two, but vacate the final order insofar as it sets an effective date of modification subsequent to the date of the order, and remand the cause for the trial court to set an effective date consistent with our holding in Kennedy v. Kennedy, 464 So.2d 1289 (Fla. 1st DCA 1985).
The parties were divorced in Mississippi in September 1985. At that time, the former Wife was a housewife with no outside earned income. The former Husband was employed at Lockheed Aircraft earning approximately $40,000 per year. The former Wife received an award of permanent alimony of $400 monthly, until her death or remarriage, and an award of child support of $250 monthly for the couple’s daughter, *434 now a permanently disabled adult. No provisions were made for continuation of child support beyond the daughter’s 18th birthday.
From the date of dissolution to 1988, the former Husband’s income ranged from $30,000 to $40,000 annually. Subsequent to his filing in bankruptcy and discharging his debts, the former Husband and his new wife moved to Florida, where they set up a corporation to franchise weight control centers. The former Husband was made the secretary/treasurer. He also was comptroller for the parent corporation, and from 1989 to the present, his income decreased to within the range of $15,000 to $18,000 yearly.
In February 1990, the former Wife successfully petitioned to establish the foreign divorce decree as a Florida judgment, to establish the arrearage in alimony due, and to hold the former Husband in contempt for failure to pay alimony. At the same time, the former Husband moved for a downward modification of alimony. In the Order of May 29, 1991, the trial court determined that due to a substantial and material change in the parties’ financial circumstances and the resulting inability of the former Husband to pay the amount of alimony awarded in the original decree of dissolution, the alimony payment was modified from $400 to $300 monthly. The motion for contempt was granted, based on the finding that the former Husband had the continuous ability to pay the alimony as awarded, but had willfully failed to do so, in the amount of $6,895. Notwithstanding the finding of willful contempt against the former Husband, the trial court withheld imposition of any sanctions, subject to his compliance with an order to pay $100 monthly to the former Wife until the ar-rearage was fully satisfied. The effective date of the alimony modification was June 5, 1991, about a week after the date of the order.
The former Husband contends that the trial court erred in decreasing his alimony obligation by only $100 monthly, in light of the allegations that the parties have nearly equal incomes and that the former Wife has the greater net worth. Section 61.14, Florida Statutes, authorizes the trial court to modify alimony obligations upon a clear and strong showing of changed circumstances affecting the financial ability of the former Husband to pay. See Chastain v. Chastain, 73 So.2d 66 (Fla.1954). The trial court acknowledged that, although the former Husband’s financial circumstances had changed sufficiently to justify a downward modification, the resulting $300 in monthly payments would be insufficient to meet the needs of the former Wife. The mere fact that the former Wife is now earning an income outside the home does not eliminate her entitlement to sufficient alimony. See Rothenberg v. Rothenberg, 358 So.2d 222 (Fla. 3rd DCA 1978). The record amply demonstrates that the former Wife depends on her income from employment, on the receipt of timely alimony payments, and on the amounts received monthly in Social Security payments for the benefit of the parties’ daughter. The former Wife concedes in the answer brief that there is competent substantial evidence to support the modification as determined by the trial court.
The findings made below come clothed with the presumption of correctness. Gaddy v. Gaddy, 415 So.2d 37 (Fla. 1st DCA 1982). The discretionary decision to modify alimony was reasonable under the instant facts, and we find no abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Feldman v. Feldman, 317 So.2d 136 (Fla. 3rd DCA 1975). Accordingly, we affirm regarding that issue.
The former Husband does not dispute that he failed to make timely payments of his full alimony obligation under the original decree of dissolution, but relies on Bowen v. Bowen, 471 So.2d 1274 (Fla.1985), in support of his contention that the trial court erred in finding him in willful contempt.
Bowen and Tuten v. Tuten, 495 So.2d 270 (Fla. 1st DCA 1986), are factually different in that the trial court here expressly withheld imposition of any sanctions, subject to the former Husband’s compliance with the terms of payment under the mod *435 ified plan. The court did not establish a purge amount in lieu of incarceration here so as to invoke the specific public policy concerns in Bowen and Tuten on which the former Husband relies. The supreme court in Bowen contemplated “other means to obtain compliance” with an order to pay alimony in instances of willful neglect. Among the options available to the trial court pursuant to Bowen are writs of garnishments and income deduction orders that, in effect, bring about the same result as the order here. Bowen, 471 So.2d at 1279. We find that, in light of the financial circumstances of both parties, the trial court carefully tailored a plan that attempts to meet the needs of the former Wife and addresses the considerable amount of alimony in arrearage, but also accounts for the former Husband’s situation. We find no error in the trial court’s finding of willful contempt and we affirm as to that issue.
That portion of the order that sets the effective date of the reduced alimony payments subsequent to the date of the order is in error. See McArthur v. McArthur, 106 So.2d 73 (Fla.1958). We held in Kennedy that an order for the reduction of alimony must set an effective date prior to, or as of, the date of the order of modification. See 464 So.2d at 1291; cf McArthur (justifying order made effective as of date of petition but prior to order of modification). Because the trial court found a decrease in monthly alimony payments to be necessary in light of the parties’ changed circumstances, it would appear that the former Husband’s need of relief existed from the time of filing the motion for modification. Even so, the trial court had the discretion to deny the former Husband’s request to set the effective date as of the date of filing his motion for modification. We vacate the final order insofar as it sets an effective date of modification subsequent to the date of the order, and remand for the trial court to make specific findings of fact to justify the new effective date consistent with the requirements of Kennedy. See 464 So.2d at 1291; Bloom v. Bloom, 503 So.2d 932 (Fla. 4th DCA 1987).
AFFIRMED in part, VACATED in part, and REMANDED with instructions.
WOLF, J., concurs.
WEBSTER, J., concurs in result only.