JOHNSON, Judge.
This is an appeal from a final judgment dismissing a complaint for divorce, custody of minor children and other relief, and the order denying the petition for rehearing.
A review of the evidence reveals that the appellant and the appellee had lived a somewhat stormy, at times, married life since about 1951. That the appellant had on previous occasions made application for divorce, but for some reason or another, no divorce was ever granted and the parties continued their stormy marital relations. There were four children born of this union, ranging in their present day ages from 15 years of age down to 6 or 7 years of age. The parties lived in a house trailer, which was moved from time to time to accommodate the appellee husband, in his work as a superintendent for a construction company.
Considerable testimony was taken having a direct bearing upon the statutory grounds for divorce, as well as to the best interest of the children insofar as custody was concerned.
*897 The chancellor denied the prayer for divorce, upon the ground that the wife had failed to sustain the allegations of her complaint, and dismissed the complaint, with prejudice. On petition for rehearing, the chancellor modified or clarified said decree to the extent that the same should not amount to prejudice against allowance of further proceedings for the support of the plaintiff and the children should the defendant fail to provide such support as he is now doing and as required by law.
The chancellor’s findings of fact should not and will not be disturbed by us insofar as the decree denying the divorce is concerned, but it is apparent from the undisputed evidence that the defendant was earning about $240.00 per week, but only giving his wife, the plaintiff, $50.00 per week for the total support of herself and the four children, as well as food for the defendant. It is significant to note that the defendant never did testify as to his income, but did not deny the plaintiff’s state-' ment that it was above $240.00 per week. The chancellor directed the defendant, by inference, at least, to continue support of the children “as he is now doing * * No adjudication as to custody was made.
We, as an appellate court, will not substitute our judgment for that of the chancellor, if there appears to be sufficient competent evidence to support the findings of the chancellor, but when it is apparent that manifest weight of the evidence is contrary to a finding of fact by the chancellor, then it is our duty to reverse. In this case it is apparent that $50.00 per week as total support for the wife and four children, all of school age, from a father with an income of approximately five times that much, is inequitable, unrealistic and constitutes an abuse of discretion.
The matter having been left open and undetermined as to the question of custody, we, too, will leave such question open for further action by either party if they deem it necessary, but as to the award of support money, we cannot agree with the chancellor.
The decrees appealed from are affirmed in every respect except as to the award of support for the plaintiff and the children and insofar as said decree pertains thereto, said decrees are reversed and the cause remanded to the lower court to fix a more adequate amount for support of the plaintiff and children, as he may determine, taking additional testimony, if he sees fit.
Affirmed in part, reversed in part.
WIGGINTON, C. J., and SPECTOR, J., concur.