WIGGINTON, Judge.
Plaintiff wife seeks review of a final judgment denying her prayer for divorce and dismissing her complaint. The primary thrust of the appeal challenges the correctness of the trial court’s application of the law of condonation to the facts established by the evidence. At issue also is the sufficiency of the amount awarded by the court for child support and attorney’s fees for plaintiff’s counsel.
Appellant wife and appellee husband were married in 1962 and lived together until their first separation in June, 1966. During this period of cohabitation two children were born of the marriage. Because of appellee’s alleged acts of cruelty toward appellant, she separated from him in June, 1966, taking with her the children and returning to live with her mother. During this period of separation she instituted this action seeking a divorce on the grounds of cruelty, alimony, custody of the children and support for them. During the pendency of this action the parties became reconciled, agreed to forgive each other for all past offenses and to resume cohabitation at a home purchased by appellee in Pensacola. The marital relationship was resumed in October, 1967, but lasted for a period of only two months terminating in a second and final separation by appellant from appellee on December 8, 1967. Following this last separation appellant filed an amended complaint alleging the reconciliation of the parties, their resumption of cohabitation as husband and wife, and the final separation in December, 1967. The amended complaint contained the same prayers for relief as the original complaint filed by her. Appellee’s answer denied the material allegations of the complaint. and counterclaimed for a divorce alleging as grounds in support thereof acts of adultery on the part of appellant. It was the issues drawn by the foregoing pleadings that were tried before the court and resulted in the rendition of the judgment appealed herein.
The final judgment contains the trial court’s findings and conclusions. After reciting the history of the case commencing with the first separation of the parties, the institution of this action and the reconciliation of the parties, the court found and concluded:
“(3) That said period of cohabitation existed for approximately two months and evidence in support of a cause for divorce occurring during said period of cohabitation does not preponderate in favor of either party. That evidence of wrongdoing on the part of either party during Said period of resumed cohabitation is insufficient to revive any cause of action which might have accrued prior to said condonation.”
Based upon the foregoing findings and conclusion the trial court held that neither party sustained by a fair preponderance of the evidence the cause of action alleged in the complaint filed by appellant and the counterclaim filed by appellee, therefore, both parties were denied their respective prayers for divorce.
Appellant contends that the above-quoted legal conclusion reached by the trial court misconceived the correct principle of law applicable to the facts in this case in that its effect is to hold that acts of cruelty committed by the appellee toward appellant were condoned by the reconciliation be *522 tween the parties and were not revived by the acts of misconduct committed by appellee during the period of reconciliation because they were not sufficient to constitute independent grounds for divorce. The abstract principle of law espoused by appellant is correct and conforms to the established law of this state. In the early case of Ringling v. Ringling[1] the Supreme Court adopted the well settled rule recited in 9 R.C.L. 384, as follows:
“ ‘It is well settled that condonation of past matrimonial offenses is impliedly conditioned upon the future good behavior of the offending spouse, and it follows that if after condonation the offenses are repeated the right to make the condoned offense a ground for divorce revives. To constitute a revival of the condoned offense the offending spouse need not be guilty of the same character of offense as that condoned; any misconduct is sufficient which indicates that the condonation was not accepted in good faith and upon the reasonable conditions implied.’ ”
And in Kollar v. Kollar[2] the Supreme Court said:
“ * * * Moreover, by the weight of authority, a condoned marital offense may be revived by misconduct of the offending spouse which, though perhaps not sufficient in and of itself to constitute ground for divorce, is of such .a grave nature as to raise a reasonable probability that the condition upon which forgiveness was given was not accepted in good faith, or that if the marriage relation is continued a new cause for divorce will arise. * * * ”
From the foregoing the principle seems to be firmly established that acts of an offending spouse constituting grounds for divorce which are condoned by reconciliation of the parties may be revived by acts of misconduct committed by the offending spouse during the period of reconciliation, which acts need not be of such character or gravity as to constitute independent grounds for divorce, but may be of a much milder nature and even different in character from those originally committed.
If appellant’s interpretation of the above-quoted provision of the final judgment were correct, a reversal of the judgment would be indicated. .We do not place the same construction on the judgment as that reached by appellant. We construe the finding and conclusion of the trial court to say and mean that both parties condoned all past misconduct and offenses committed by each toward the other by virtue of their reconciliation in October, 1967, and that no substantial evidence was adduced at the trial to establish that either party committed any acts of misconduct toward the other during the period of reconciliation as would amount to bad faith or be sufficient in law to defeat the bar of condonation and revive past acts of misconduct committed prior to reconciliation so as to support a cause for divorce. Having so construed the legal effect of the challenged provision contained in the final judgment, we now look to the record for the purpose of determining whether such finding and conclusion is supported by the evidence adduced at the trial.
We have carefully reviewed the testimony of each of the parties and that of their witnesses. Considered in a light most favorable to appellant, her testimony was to the effect that about three weeks after the reconciliation commenced in October, 1967, appellee husband slapped her several times. This statement was wholly uncorroborated and categorically denied by appellee. Although appellant testified that during the two-month period of cohabitation following reconciliation appellee committed no acts of cruelty toward her, nevertheless she reach *523 ed the conclusion that their marriage was not going to work so she announced to appellee that she was leaving and going back home to her mother. Such announcement angered appellee and precipitated an argument in which both parties uttered profane remarks toward the other during which appellee shook his finger in appellant’s face and threatened to bash her head up against the wall. These statements by appellant were likewise without corroboration and the threats of bodily harm made by appellee were denied by him.
The foregoing constitutes the only competent evidence which we are able to find in the record which could in any manner constitute misconduct on the part of ap-pellee husband, or tend to establish that he did not enter into the reconciliation agreement in good faith with the intention of exhibiting kindness toward his wife and salvaging their marriage from failure. It was this evidence which the trial court found to be insufficient to constitute misconduct of such character as to revive the antecedent acts of cruelty committed by appellee prior to reconciliation which had been condoned by the resumption of cohabitation and forgiveness. It is generally held that whether marital offenses have been condoned by the act of reconciliation by the parties is a question of fact to be determined by the trial court whose findings and conclusion reach the appellate court clothed with a presumption of correctness.[3] From our consideration of the record we are unable to agree with appellant that the trial court misconceived the legal effect of the evidence or applied to it an incorrect principle of law.[4]
Appellant’s next point questions the sufficiency of the award made by the trial court for the support of the two minor children of the parties whose custody was awarded to appellant. No separate maintenance was allowed appellant so it is necessary for her to continue working in order to provide for her own support. The evidence shows that she is presently employed as a cashier in a supermarket earning approximately $66.00 a week take-home pay. This amount is barely sufficient to meet her essential needs and leaves nothing for use in paying the cost of maintaining the children. Both of the children involved herein are of preschool age and because of the necessity for plaintiff to work- in order to be self-sustaining, some expense must necessarily be incurred in taking care of the children during her absence from the home. Incidentally, such expense would be required even if custody of the children were awarded to appellee husband.
There was called as a witness for appel-lee his certified public accountant who testified that an examination of the books and records of appellee’s business reflected a net worth of $31,279.00 Appellee is engaged in the construction business from which his records revealed he realized an annual net income after taxes of $13,000.00 to $13,500.00. Appellee testified that h,is total expenses amounted to $346.00 monthly or $4,152.00 annually.
Upon consideration of the foregoing undisputed evidence the trial court awarded child support in the amount of $25.00 weekly to be paid by appellee to appellant. On the basis of the evidence we consider this award insufficient. That portion of the final judgment awarding child support for the minor children of the parties is reversed with directions that an amended judgment be rendered increasing such award to the sum of $50.00 weekly to be paid by appellee to appellant in the manner set forth in the judgment appealed. It should be borne in mind that awards for child support are never final but may be modified from time to time as the needs of the children and the financial ability of the father may justify and require.
*524 Lastly, we have considered appellant’s contention that the award of attorney’s fees granted by the trial court was insufficient but find such to be without substantial merit. The judgment appealed is affirmed in part, reversed in part and remanded with directions that an amended judgment be entered in accordance with the directions contained herein.
JOHNSON, C. J., and SPECTOR, J., concur.

. Ringling v. Ringling, 119 Fla. 210, 161 So. 406, 408.

. Kollar v. Kollar, (1945) 155 Fla. 705, 21 So.2d 356, 357, 358; See also 10 Fla.Jur. 467, Divorce, § 55.

. Wilkerson v. Wilkerson, (Fla.App.1965) 179 So.2d 592.

. Crews v. Crews, 130 Fla. 499, 178 So. 139.