262 So.2d 470 (1972)
Frances MELTZER, Appellant,
v.
Curtis MELTZER, Appellee.
No. 71-769.
District Court of Appeal of Florida, Third District.
May 23, 1972.
Rehearing Denied June 12, 1972.
*471 Sinclair, Louis, Sand & Siegel, Miami, for appellant.
Dubbin, Schiff, Berkman & Dubbin, Miami, for appellee.
Before BARKDULL, C.J., and CHARLES CARROLL and HENDRY, JJ.
PER CURIAM.
Appellant Frances Meltzer was granted a divorce from her husband, the appellee, Curtis Meltzer in Dade County, Florida, in 1968 and was awarded $500.00 per month for support of their two minor children, $5,000.00 lump sum alimony and $500.00 per month additional alimony. A related case was Meltzer v. Meltzer, Fla.App. 1969, 221 So.2d 751.
On July 16, 1970, appellant petitioned the circuit court to modify the final judgment of divorce by granting her an increase in alimony and support for the two children. Upon hearing of the testimony and argument of counsel, the trial judge ordered that the petition for increase in alimony be denied. The petition for increase in support for the minor children was granted. It was ordered that the amount be increased in the sum of $250.00 per month, making a total sum of $750.00 per month for support of the children. The effective date for the increase was set by the court to begin June 1, 1971.
Appellant contends that the trial judge abused his discretion by failing to order a greater amount of increase for the support of the children and for their medical and dental care. She also contends that the effective date of the increase should have been July 16, 1970, the date on which the petition was filed, rather than June 1, 1971. Her further contention is that the court erred in denying her petition for an increase in alimony.
A party who challenges a child support or alimony ruling has the burden of clearly showing it represents an abuse of discretion. Gilbert v. Gilbert, Fla.App. 1958, 105 So.2d 379; Ginsberg v. Ginsberg, Fla.App. 1961, 127 So.2d 137, 138, 2 A.L.R. 3d 592. Such ruling being within the sound judicial discretion of the trial judge, an appellate court is not prone to substitute its judgment for that of the trial judge, unless it affirmatively appears that the trial judge abused his discretion. Gilbert v. Gilbert, supra; Cherney v. Cherney, Fla. App. 1962, 146 So.2d 914; Waller v. Waller, Fla.App. 1968, 212 So.2d 352, 353.
The financial needs of the appellant and the children were thoroughly presented to the trial judge at the hearing on the petition. The ability of Dr. Meltzer to pay any reasonable sum for alimony and child support was never in question. He admits earning $63,000.00 from his medical practice and his other income from investments.
The evidence shows the extent of the wife and two children's needs. The evidence also shows the husband's ability to pay and meet those needs which form the basis for the higher award of alimony and child support. We cannot say that *472 the judge abused his judicial discretion in ruling on the question of the amount of alimony and child support awarded.
As to the effective date of the order increasing the child support, we think the court erred in not determining the effective date to be the one upon which the petition was filed, i.e., July 16, 1970. The evidence is clear that the needs of the children existed as of the date of the filing of the petition, and the children should not be penalized for the delay occasioned by the court proceedings.
The order appealed is affirmed in all respects except that portion that sets the effective date as June 1, 1971. That portion is reversed and the cause is remanded with directions to make the increase in support to the children effective as of July 16, 1970.
Affirmed in part and reversed in part and remanded with directions.