307 So.2d 926 (1975)
Marianne S. FRIEDMAN, Appellant,
v.
Laurence FRIEDMAN, Appellee.
No. 74-708.
District Court of Appeal of Florida, Third District.
February 11, 1975.
*927 Myers, Kaplan, Porter, Levinson & Kenin and Thomas R. Spencer, Jr., Miami, for appellant.
Charles J. Crowder, South Miami, for appellee.
Before PEARSON, HENDRY and NATHAN, JJ.
NATHAN, Judge.
This is an interlocutory appeal by the wife who petitioned for modification of child support in which she requested a substantial increase in such support based on the father's substantial increase in ability to pay since entry of the final judgment of dissolution in October 1972. The wife contends that the court abused its discretion in only allowing $75.00 a month additional support money for the children when an additional $277.31 per month was needed. Wife also contends that it was error for the court to grant the modification as of the date of the order on March 20, 1974, rather than the date the petition was filed, November 27, 1973, in view of the fact that the wife demonstrated that the need for the additional support money was present at the time of the petition for modification.
The trial judge has broad discretion in determining the amount awarded for child support. Careful examination of the record does not disclose that the trial judge abused such discretion. Therefore, the judgment of the trial court as to the amount awarded for child support will not be disturbed and is hereby affirmed.
We find merit in the wife's contention that the effective date of the modification by way of an increase in the allowance of child support should have been as of the date of the filing of the petition for modification rather than the date of the court order. The general rule is, as it should be, that the effective date of a modification of child support is the date of the filing of the petition where it appears that the needs of the children existed as of that date. Meltzer v. Meltzer, Fla.App. 1972, 262 So.2d 470. Increasing use of discovery procedures, as well as the increased numbers of domestic cases filed in the various circuit courts of this State, in some instances, of necessity, extend the time between the filing of the petition for modification and the date of the order thereon. The deserving parties to a modification of child support should not suffer because of any delay of hearing and entry of order thereon. Therefore, in the case sub judice, the increase in child support should have been as of the date of the filing of the petition for modification and the judgment thereon is to be modified accordingly.
Affirmed in part, reversed in part with directions.