356 So.2d 1263 (1978)
Frances MELTZER, Appellant,
v.
Curtis MELTZER, Appellee.
No. 76-1737.
District Court of Appeal of Florida, Third District.
March 7, 1978.
Rehearing Denied April 17, 1978.
*1264 Sinclair, Louis, Siegel & Heath, Miami, for appellant.
Fine & Brownstein, Miami, for appellee.
Before KEHOE, J., and BOYD, JOSEPH A., Jr., Associate Judge, and CHARLES CARROLL (Ret.), Associate Judge.
BOYD, JOSEPH A., Jr., Associate Judge.
The parties to this appeal were divorced in 1968. Disputed questions of alimony and child support have been previously resolved on appeal. See Meltzer v. Meltzer, 262 So.2d 470 (Fla. 3d DCA 1972), Meltzer v. Meltzer, 221 So.2d 751 (Fla. 3d DCA 1969).
In 1974 the appellant Frances Meltzer again petitioned the circuit court to modify the alimony and child support payments made by her former husband. She had been receiving $500 per month in permanent alimony and $750 per month total child support for the couple's two minor children. The trial judge referred the petition to a General Master for a hearing and a report.
The General Master issued a report recommending no increase in alimony and that the child support payments be increased to $850 per month. The appellant filed exceptions to the report. A hearing was held on the exceptions, after which the trial judge adopted the findings and recommendations of the General Master in toto and denied any increase in alimony or any further increase in child support. The increase in child support was to take effect as of the date of the report.
The appellant contends on appeal that the trial judge abused his discretion by denying any increase in alimony payments and in accepting an increase in child support of only $100 per month when her former husband's gross earnings increased substantially since the last modification, the cost of living has escalated in the interim, and the children's needs have multiplied. She also assigns as error the trial judge's refusal to make the child support payments retroactive to the date the petition for modification was filed.
It affirmatively appears from the record that the former husband, a physician and Chief of Radiology at a local hospital, has benefited by greatly increased earnings since the last modification was granted in 1971. From the onset of these proceedings, the doctor has not contested his ability to pay an increase in alimony or child support. He has in fact expressly conceded in his brief that he has that ability.[1]
*1265 We will not explicate at length the legal principles involved, for they are clear and the issues here are identical to those previously determined in our earlier opinion. See Meltzer v. Meltzer, 262 So.2d 470 (Fla. 3d DCA 1972).
The necessary prerequisite for the modification of alimony or child support payments is a showing of substantial change of circumstances, including financial circumstances, of one or both of the parties. Brown v. Brown, 315 So.2d 15 (Fla. 3d DCA 1975), Section 61.14 Florida Statutes (1975). We are persuaded that the appellant met this burden on the issue of child support.
Where the appellant establishes a prima facie case for an increase in child support, it is an abuse of discretion for the lower court not to make some award. Banks v. Graham, 252 So.2d 864 (Fla. 3d DCA 1971). Likewise, where there is an increase in support payments, but that increase is not consonant with the established needs of the children, the trial judge abuses his discretion by not providing for an adequate amount. Luedke v. Behringer, 143 So.2d 218 (Fla. 2d DCA 1962). Cf. Fletcher v. Fletcher, 235 So.2d 520 (Fla. 1st DCA 1970), Hubble v. Hubble, 214 So.2d 896 (Fla. 1st DCA 1968). Even where the only change in circumstance is nothing more than a substantial increase in the earnings of the former spouse, child support may nonetheless be increased. Sherman v. Sherman, 279 So.2d 887 (Fla. 3d DCA 1973).
We have carefully examined the record, considered the needs of the children and the father's ability to pay. We conclude that the child support payments authorized by the trial judge were simply not in proportion to the father's ample earnings and the abundant needs of school age children. Jelke v. Jelke, 233 So.2d 408 (Fla.3d DCA 1970). The appellant argues persuasively that the children's needs are significantly greater today than they were in 1971. We are convinced that there is a need to improve the quality of the children's home, schooling, food, clothing, transportation and recreation. The present level of child support is insufficient to meet the needs of growing children in light of the father's current capability to more adequately support his children. It is our view that he should be required to do so. We find that the trial judge's failure to raise the child support payments to a more adequate level was sufficient to constitute an abuse of discretion.[2]
It is not the role of the appellate court to specify the exact amount necessary to provide adequate child support under these circumstances. The trial judge is in a better position to do this. It is our opinion however that a substantial increase in child support payments is warranted in this case.
As for the appellant's request for an increase in alimony, we find no merit in her contention that the trial judge abused his discretion in not granting an increase. Pross v. Pross, 72 So.2d 671 (Fla. 1954), Rogoff v. Rogoff, 115 So.2d 456 (Fla. 3d DCA 1959).
We do agree with the appellant that the increase in the child support payments *1266 should have been made retroactive as of the date the petition for modification was filed rather than the date of the Master's report. Friedman v. Friedman, 307 So.2d 926 (Fla. 3d DCA 1975), Meltzer v. Meltzer, supra, 262 So.2d at 472.
This cause is remanded to the lower court to fix a more adequate amount of support for the children, as it may determine.
Affirmed in part, reversed in part and remanded with directions.
NOTES
[1] Because of Dr. Meltzer's stipulation that he is financially able to meet any reasonable award of alimony and child support, the General Master did not make an express finding of the specific amount of the doctor's annual earnings. Examination of his 1974 Income Tax Return, however, shows an adjusted gross income of $165,043. At the time the last petition for modification was granted in 1971, his gross income was approximately $63,000. Meltzer v. Meltzer, supra, 262 So.2d 470, 471. In short, the doctor now earns over $100,000 a year more than he did in 1971.
[2] We have not overlooked the strictures on our reviewing function recently enunciated by our Supreme Court in Shaw v. Shaw, 334 So.2d 13, 16 (Fla. 1976):

"... It is not the function of the appellate court to substitute its judgment for that of the trial court through re-evaluation of the testimony and evidence from the record on appeal before it. The test ... is whether the judgment of the trial court is supported by competent evidence. Subject to the appellate court's right to reject `inherently incredible and improbable testimony or evidence' [footnote omitted], it is not the prerogative of an appellate court, upon a de novo consideration of the record, to substitute its judgment for that of the trial court."
We are complying with the principles set forth in Shaw by our decision herein. It is clear that all of the evidence presented to the General Master and adopted by the trial court compelled only one result: an increase in child support far greater than that actually awarded. The negligible increase awarded below was simply not supported by any competent evidence.