SCHOONOVER, Judge.
Appellant, Carl F. Bechtold, appeals from a final judgment cancelling the obligation of appellee, Albert G. Till, under a promissory note and mortgage. We reverse.
This action arose out of the sale of Bech-told’s business in Collier County, Florida, to Ellis and Elizabeth Kaufthiel. The contract between the parties provided for a cash payment of $10,000 and a promissory note in the amount of $25,000. Security for payment was required and the note was to be executed by a co-signer. Pursuant to the contract, a promissory note for $25,000 was executed by Ellis Kaufthiel and his father-in-law, Albert G. Till. As security for the note, Till executed a mortgage on certain land he owned in Collier County, Florida.
The Kaufthiels subsequently filed an action against Bechtold seeking to rescind the contract and to cancel the note and mortgage. Bechtold answered the complaint and filed a counterclaim for breach of contract against the Kaufthiels and for foreclosure of the mortgage against Ellis Kaufthiel and Albert Till.
The only evidence presented in connection with the counterclaim for mortgage foreclosure was the instruments sued upon and stipulations of the parties concerning execution of the instruments and default of the note. Till did not testify. At the conclusion of the case, the court stated that it believed Till was an innocent party who “got taken down the path by his son-in-law.” The court then entered a final judgment finding that Ellis Kaufthiel was totally lacking in equity and denying the Kaufthiels’ claim for rescission. The court further found there existed some equity in Albert Till. Beehtold’s action for foreclosure of the mortgage was denied, and the mortgage and all of Till’s obligations under the promissory note were cancelled.
Bechtold has appealed, claiming the court erred in refusing to foreclose the mortgage and in cancelling Till’s obligations under the note and mortgage.[1] We agree.
There was no evidence before the court concerning any equity existing in Till. The court’s statement that Till was an innocent party who had been taken down the path by his son-in-law, if true, might have given rise to a claim against Kaufthiel, but was not a sufficient reason to cancel an obligation to Bechtold or to deny foreclosure of his mortgage. Although we will not substitute our judgment for that of the trial court if there appears to be sufficient competent evidence to support its findings, we do not find any in this ease and therefore must reverse. Hubble v. Hubble, 214 So.2d 896 (Fla. 1st DCA 1968).
Reversed and remanded for proceedings consistent herewith.
GRIMES, A.C.J., and FRANK, J., concur.

. The Kaufthiels have not cross-appealed and, accordingly, have not contested the obligation of Ellis Kaufthiel under the promissory note.