503 So.2d 932 (1987)
Jane Ellen BLOOM, Appellant,
v.
Martin G. BLOOM, Appellee.
No. 85-2200.
District Court of Appeal of Florida, Fourth District.
February 18, 1987.
Rehearing Denied March 31, 1987.
*933 Joel L. Kirschbaum of Esler & Kirschbaum, P.A., Fort Lauderdale, for appellant.
Andrew C. Hall of Hall, O'Brien and Cohen, P.A., Miami, for appellee.
DOWNEY, Judge.
Appellant, Jane Ellen Bloom, seeks reversal of an order modifying the child support provisions of a final judgment of dissolution because the trial court refused to grant the increase retroactive to the date the petition for modification was filed.
On May 19, 1980, a final judgment of dissolution of marriage was entered by the trial court dissolving the parties' thirteen year marriage. At the time of the entry of the final judgment, the trial court found that the husband, a cardiologist, was earning approximately $100,000 annually and that the wife was in poor health and not trained for any type of productive employment.
The final judgment awarded custody of the two minor children, ages eight and ten, to the wife and the husband was ordered to make child support payments of $400 per month per child. In addition, the husband was also ordered to pay the wife the sum of $2,000 per month as alimony.
On December 21, 1982, appellant filed a supplemental petition for modification, praying for an increase in child support. An amended supplemental petition for modification was filed on September 29, 1983, which prayed for both an increase in child support and an increase in alimony.
By stipulation dated September 14, 1983, the husband admitted, in lieu of in-depth discovery of his financial status, that his earnings have substantially increased since the entry of the final judgment and that he has the ability to pay increased child support for the parties' two minor children to whatever amount the court may award. However, the husband denied that there had been "a substantial change of circumstances to increase the needs of the children."
Final hearing was held August 12 and 13, 1985, at which time evidence was adduced by the wife of the increased needs of the children. Based thereon, the order under consideration was entered denying the wife's prayer for increased alimony because the evidence did not support an increased need therefor and because she had rehabilitated herself and had an earning power of $12,000 to $14,000 per year. However, the court found the children had an increased need and the husband admittedly had the ability to pay. The court specifically found that the evidence was not sufficient to support a finding that the increased need existed three years prior when the petition for modification was filed. Therefore, he refused to make it retroactive to the date of filing. This refusal is the basis of the wife's contention here that the trial court erred, as a matter of law, in denying retroactivity and abused its discretion in so ruling.
While the evidence clearly supports the ultimate finding of an increased need between the final judgment of May, 1980, and the date of the hearing on the petition for modification, the trial court found that it did not show the increased *934 need at any specific time except at final hearing, and, thus, he allowed the increase effective as of that date. We, of course, are not authorized to substitute our judgment for the trial court's, even though we might feel confident that we would have, in the first instance, granted some degree of retroactivity had we been the trier of fact. We were not. He was, and his ruling carries a presumption of correctness. It is true that ordinarily an order granting modification is retroactive to the date the petition is filed. Fotorny v. Fotorny, 397 So.2d 329 (Fla. 4th DCA 1981); Friedman v. Friedman, 307 So.2d 926 (Fla. 3d DCA 1975). However, the circumstances of the case may dictate otherwise. Where the time lag between petition and order is short, one would not expect any problem in this regard. However, where, as here, there is a substantial period of time intervening (almost three years in this case), the proof may demonstrate a substantially different condition at the hearing on the petition than that which existed on the date of the filing thereof. These are the things that involve a trial judge's discretion. The First District Court of Appeal recognized this in Kennedy v. Kennedy, 464 So.2d 1289, 1291 (Fla. 1st DCA 1985), in stating:
The rule appears to be well settled that the trial judge
has the discretion to make the modification effective as of the date of the petition for modification ... or subsequent thereto but prior to the date of the order of modification. See McArthur v. McArthur, 106 So.2d 73 (Fla. 1958); Simon v. Simon, 155 So.2d 849 (Fla. 3d DCA 1963).

Brisco v. Brisco, 355 So.2d 506, 508 (Fla. 2d DCA 1978). Accord, Lau v. Lau, 407 So.2d 927 (Fla. 3d DCA 1981). We do not read Friedman v. Friedman, 307 So.2d 926 (Fla. 3d DCA 1975), and Meltzer v. Meltzer, 262 So.2d 470 (Fla. 3d DCA 1972), cited by appellant, as abrogating this discretionary rule and requiring, as a matter of law, that the modification must always become effective on the date the petition is filed. The record in the instant case supports the trial court's exercise of discretion in refusing to make the order effective from the filing of the petition.
The Third District Court of Appeal ruled to like effect in Meltzer v. Meltzer, 400 So.2d 32, 33 (Fla. 3d DCA 1981), saying:
It is indeed the case that both Meltzer v. Meltzer, supra, at 356 So.2d 1263, 1266 [Fla. 3d DCA 1978], and the earlier decision in Meltzer v. Meltzer, 262 So.2d 470, 472 (Fla. 3d DCA 1972), held that any increase should take effect from the date that the respective application for modification was filed. But it is obvious that each case was based on the determination, as stated at 262 So.2d 472, that "[t]he evidence is clear that the needs of the children existed as of the date of the filing of the petition."
The court further stated that:
Under these circumstances, we hold that full retroactivity was not required as a matter of law, and that the trial court did not abuse the discretion it possesses in fixing the degree and extent to which a modification should be given preorder effect.
Id. at 34. Our study of the record, including the order in question and the order denying petition for rehearing, demonstrates that the trial judge was fully congizant of the status of the law on modification and the court's discretion involved in making that determination.
Accordingly, we affirm the order appealed from.
DELL, J., concurs.
ANSTEAD, J., dissents with opinion.
ANSTEAD, Judge, dissenting.
I dissent, since it is undisputed on this record that both the increased needs of the minor children and the increased ability of the father to pay well predated the entry of judgment of modification. Since the increased ability to pay, noted by the court to have been demonstrated by the father's increase in income from $100,000.00 to $300,000.00, was admitted, and the increased need for support was proven, I fail to see any rational basis for the trial *935 court's decision to make the increase prospective only in application. The existence of a rational basis is essential in upholding an exercise of discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).