ON APPELLANT’S MOTION FOR CLARIFICATION OR REHEARING

PER CURIAM.
In our opinion herein, we “direct[ed] the trial court on remand to inquire as to appel-lee’s increased ability to pay child support for the three children who were under eighteen years of age when appellant sought relief.” Sadly, there was a fourth child, found to be dependent albeit an adult, who was ill with *744 leukemia, and who passed away on January 29,1993, over two years after the petition for modification was filed.
Although the general rule in Florida is that a parent has no duty to support a child who has attained the age of majority, there is a clear exception when a child is found to be statutorily dependent. See § 743.07, Fla.Stat. (1993); Perla v. Perla, 58 So.2d 689, 690 (Fla.1952); Privett v. Privett, 535 So.2d 663, 665 (Fla. 4th DCA 1988); Carter v. Carter, 511 So.2d 404, 406 (Fla. 4th DCA 1987). In the instant case, the trial court determined in its modification order that the child at issue was indeed dependent due to her tragic illness. Thus, there was a continuing duty to care for this child. See Kern v. Kern, 360 So.2d 482, 484 (Fla. 4th DCA 1978).
Furthermore, appellant’s request for clarification on this issue is not defeated by the fact that the child at issue is now deceased. “[T]he effective date of a modification of child support payments is the date the petition is filed where it appears, as it does here, that the needs of the child existed as of that date.” Shufflebarger by Oktavec v. Shufflebarger, 460 So.2d 982, 984 (Fla. 3d DCA 1984). See also Meltzer v. Meltzer, 356 So.2d 1263, 1265-66 (Fla. 3d DCA 1978), cert denied, 370 So.2d 460 (Fla.1979). Any change in the child support obligations would be properly applied retroactively back to the date of the petition for modification. Meltzer, 356 So.2d at 1265-66.
Based on the foregoing, we grant appel-' lant’s motion for clarification of our opinion and further direct the trial judge to inquire into appellee’s increased ability to pay child support for four children. Support for the child now deceased should be assessed from the filing date of the petition for modification until the child’s death. Having clarified our opinion we deny that portion of the motion which seeks rehearing.
GLICKSTEIN and POLEN, JJ., and DONNER, AMY STEELE, Associate Judge, concur.