629 So.2d 1092 (1994)
Ron BUTLER, Appellant,
v.
Lavonne BREWSTER, Appellee.
No. 92-1993.
District Court of Appeal of Florida, Fourth District.
January 12, 1994.
Ron Butler, pro se.
Michael L. Cohen, West Palm Beach, for appellee.
HERSEY, Judge.
The issue in this appeal from an order modifying child support is whether there is competent substantial evidence to support the trial court's award. We find there is not and we therefore reverse.
The order on appeal requires appellee, the mother, to make monthly child support payments to appellant, the primary residential custodian. While there is evidence in the record justifying an award of some amount, we conclude that the amount as calculated is incorrect. We have difficulty in precisely labeling the errors since the order makes no factual findings to support the computation.
However, the trial court's estimate of the net monthly income apparently excludes income attributed to regular overtime at the mother's full-time employment and part-time *1093 employment at a second job, which is properly includable under section 61.30(2)(a)2. in determining gross income. On remand, the additional overtime and part-time employment should be included unless the trial court specifically finds the overtime or part-time employment will not be available as income sources in the future. In addition, certain deductions from appellee's gross income were incorrectly permitted. Section 61.30 Florida Statutes (1991), the Child Support Guidelines, control here and particularly section 61.30(3) which specifies the payments that qualify for deduction. More specifically, voluntary contributions to Motorola's profit sharing plan, repayments of a profit sharing loan, payments into a credit union for savings and repayment of a loan do not appear to fit any of the allowable categories of deductions under section 61.30(3). On the other hand, if the mother is paying child support for her older child, this would constitute an allowable deduction under section 61.30(3)(f), which the trial court did not take into account. On remand the computation of net income should reflect the foregoing applications of section 61.30(3) if supported by the evidence.
The order contains no reference to health insurance for the children. Initially appellee was carrying such insurance made available by her employer. Section 61.13(1)(b) provides in pertinent part:
61.13. Custody and support of children; visitation rights; power of court in making orders
(1)(b) Each order for child support shall contain a provision for health insurance for the minor child when the insurance is reasonably available. Insurance is reasonably available if the obligor has access at a reasonable rate to group insurance.
§ 61.13(1)(b) Fla. Stat. (1992). The trial court, upon remand, should inquire into the question of whether such insurance is reasonably available and require that it be obtained if feasible.
Appellant next complains that his own reasonable child care expenses were not taken into account by the trial court in calculating the child support obligations of the parties. While that seems to be true, we find neither pleading nor proof in this record to support appellant's argument. For that reason we cannot fault the trial court for failing to include such an item in its computation of the award of child support. However, since we are remanding this case the appellant will have an opportunity to present proof of his child care expenses, if any, for the trial court to consider in making the award.
Finally, appellant argues that the award of child support should have been made retroactive to the date the petition for modification was filed. Ordinarily an order granting modification of child support should be made retroactive to the date the petition is filed, but it is within the trial judge's discretion to determine whether to make the order retroactive. Bloom v. Bloom, 503 So.2d 932, 934 (Fla. 4th DCA 1987). It is an abuse of discretion, however, to fail to award support from the date of the petition for modification where the need for the support and the ability of the parent to pay existed at the time that the modification petition was filed. Anderson v. Anderson, 609 So.2d 87, 89 (Fla. 1st DCA 1992). No express request for retroactivity is required as long as the increased need, as of the earlier date, was alleged in the request for modification. Pelton v. Pelton, 617 So.2d 714, 717 (Fla. 1st DCA 1992). We find no error on this record, but doubtless the trial court will have a fresh opportunity to examine the issue in light of other changes made necessary by our opinion.
REVERSED AND REMANDED.
FARMER and PARIENTE, JJ., concur.