STEVENSON, Judge.
We have for review an order of the trial court granting the former husband’s exceptions/objections to that portion of the court’s order making an increase in child support retroactive. Because we find that the former wife was entitled to the increase as a matter of contract, rather than pursuant to a showing of increased need, we reverse.
The parties involved in this appeal were divorced in 1993. The final judgment of dissolution incorporated the terms of the parties’ marital settlement agreement, which contained the following provision:
The parties further covenant and agree that should the visitation schedule change such that the children no longer reside with him every other week, that he shall pay child support payments to the Wife in the amount required by the Child Support Guidelines enumerated in Florida Statute Chapter 61.
In December of 1995, the former wife filed a petition for modification of the former husband’s child support obligations. The petition alleged that the children’s visitation schedule had changed and that, pursuant to the terms of the parties’ agreement, she was entitled to increased child support. The former husband’s child support obligations were increased to the amount called for by chapter 61, and the increase was made retroactive to the petition’s filing date. The former husband, however, objected to that portion of the hearing officer’s report making the increase retroactive on the ground that the petition failed to allege increased need. See Butler v. Brewster, 629 So.2d 1092, 1093 (Fla. 4th DCA 1994)(stating, “[n]o express request for retroactivity is required as long as the increased need, as of the earlier date, was alleged in the request for modification.”). The trial court agreed and deleted that portion of the order making the increase retroactive.
The modification, in the instant case, was not founded upon an increase in need. Rather, the former wife was entitled to the increase because the contingency contemplated by the parties’ agreement had occurred. See Ballantyne v. Ballantyne, 666 So.2d 957 (Fla. 1st DCA 1996)(holding that a marital settlement agreement entered into and ratified by a trial court is subject to interpretation like any other contract). Accordingly, we find *701 that the petition’s failure to allege that the increased need existed at the date of its filing is not fatal. The trial court’s order granting the former husband’s exeeptions/objections is reversed, and the cause is remanded with instructions that the increase be made retroactive to the date of the filing of the petition for modification.[1]
REVERSED and REMANDED.
POLEN and GROSS, JJ., concur.

. We note that since the former wife only sought to have the increase in child support made retroactive to the date of the filing of the petition for modification, we expressly do not decide whether she might have been entitled to have the increase made retroactive to the date of the occurrence of the contingency contemplated in the parties’ set-dement agreement.