POLEN, J.
Former Wife, Heidi D. Young, timely appeals from a final judgment on her supplemental petition for modification of alimony and child suppórt. Although she was awarded an increase in child support, she argues that the trial court erred in not ordering such support retroactive to the date the petition was filed, in not awarding her additional attorney’s fees and costs, and in improperly referencing a side agreement between the parties in the final judgment. We affirm on all points raised.

Facts

The parties were divorced pursuant to a final judgment of dissolution of marriage on April 2, 1993. The final judgment incorporated the parties’ marital settlement agreement, which contained provisions for child support for the parties’ two minor children,[1] as well as for rehabilitative alimony for Former Wife. Specifically, the agreement provided that Former Husband would pay Former Wife, the primary residential custodial parent, the sum of $1,000 per month in child support, and $1,600 per month for six years in rehabilitative alimony. It also provided that when such alimony payments ceased, the Former Husband’s child .support payments would increase to $1,600 per month.
On June 18,1995, Former Wife filed two separate post-dissolution actions. She first filed a supplemental petition for modification seeking increased alimony and child support, as well as the conversion of rehabilitative alimony to permanent periodic alimony. She also filed a motion for relief from final judgment pursuant to Florida Rule of Civil Procedure 1.540(b). In this motion, she sought to set aside the marital settlement agreement, arguing that Former Husband had fraudulently failed to disclose at the time of settlement his beneficial interest in a trust set up by his father.
Former Wife proceeded for the next two years on the Rule 1.540(b) motion and neglected discovery with respect to the modification action. She was awarded temporary attorney’s fees in the amount of $4,357.50 in connection with this action.[2] In April, 1997, the court found that Former Wife’s motion was without merit, denied relief, and reserved jurisdiction for taxation of costs against her. Former Husband testified he spent over $63,000 to defend against these proceedings.
On September 26, 1997, Former Wife noticed the modification action for trial. She thereafter sought $28,000 in temporary attorney’s fees and costs in connection with this matter. Following a hearing, the court awarded her $15,000 instead. In its award, the court cautioned,
This order is entered without prejudice to the Former Wife seeking additional sums in the future if the discovery procedures become protracted or necessarily contested. However, Former Wife and her counsel are forewarned that this Court has already spent an extensive amount of time in regard to the monetary issues between these parties ..., and that this Court is not going to allow *1076 an extensive amount of discovery into the assets that ... have already been adjudicated or determined not to be income producing assets for him.
A one-day trial followed. The following is the only testimony that Former Wife presented in support of when the substantial change in her needs occurred:
Q. Can you tell how there’s been a change in their [the children’s] needs since that time?
A. Well, obviously another child was born. Having to buy two pairs of shoes and two outfits and formula. Alex [the younger child] had, had some difficulty in the beginning as far as being intolerant. Also going through different kinds of formulas. T-ball, parties, for my older child. He’s invited to more parties than I’m invited to. And bringing gifts. And he’s wanting to do soccer.
Q. Is it fair to say that there’s been an increase in expense from 1993 to the present?
A. Absolutely.
Former Husband presented evidence that his income actually had decreased from 1995 through the date of the instant trial. He testified that such decrease was, in part, attributable to his having had to spend $60,000+ in legal fees to defend Former Wife’s Rule 1.540(b) motion, as well as her other legal proceedings.
The trial court entered final judgment on July 21,1998, granting modification. It ordered Former Husband to pay Former Wife $1,880 in monthly child support. Nevertheless, it refused to make the award retroactive to the date Former Wife filed the supplemental petition. Citing Bloom v. Bloom, 503 So.2d 932 (Fla. 4th DCA 1987), it explained that the action had been pending for nearly three years; that Former Husband’s ability to pay the increased support during the pendency of the action had been negated by the legal fees he incurred in defending Former Wife’s unsuccessful Rule 1.540(b) motion; and that he had fully complied with all provisions of the marital settlement agreement throughout the proceedings.
With respect to Former Wife’s request for additional attorney’s fees and costs, the court concluded that the $19,000+ that Former Husband had paid to Former Wife’s attorneys in the past, including the temporary fees he paid during the Rule 1.540(b) action, was a reasonable fee for the entire matter in the modification proceedings. The trial court denied an additional award of fees.

Merits

Courts have discretion to make a modification of child support retroactive to the date the petition for modification was filed. Id. at 934 (citation omitted). Notwithstanding this discretion, retroactivity is the rule rather than the exception. DeSantis v. Smith, 634 So.2d 796, 797 (Fla. 4th DCA 1994) (citation omitted). Courts have held that it is an abuse of discretion to fail to award support from the date of the petition for modification where the need for the support and the ability of the parent to pay existed at the time the petition was filed. Anderson v. Anderson, 609 So.2d 87, 89 (Fla. 1st DCA 1992). No express request for retroactivity is required as long as the increased need as of the earlier date was alleged in the request for modification. Butler v. Brewster, 629 So.2d 1092, 1093 (Fla. 4th DCA 1994) (citation omitted).
In this regard, we hold the court did not abuse its discretion in refusing to make the increased award of child support retroactive. The evidence at the final hearing did not clearly show when Former Wife first had a need for increased support. Rather, and as the trial court found,
Where the time lag between petition and order is short, one would not expect any problem in this regard. However, where, as here, there is a substantial period of time intervening (almost three years in this case), the proof may demonstrate a substantially different condi *1077 tion at the hearing on the petition than that which existed on the date of the filing thereof. These are the things that involve a trial judge’s discretion.
Bloom, 503 So.2d at 934. Accordingly, we affirm.
Former Wife also argues that the trial court erred in denying her an award of additional attorney’s fees and costs. We disagree. The record reflects that Former Wife postponed discovery and trial in this matter for over two years while litigating an unsuccessful claim against Former Husband. Much of the discovery in the modification proceeding overlapped that received and generated in the Rule 1.540(b) action, for which she had already received fees from Former Husband. In sum, we affirm on this issue as well. See Rosen v. Rosen, 696 So.2d 697 (Fla.1997).
As to the remaining point on appeal, we affirm as unpersuasive.
AFFIRMED.
GROSS, J., and McCARTHY, TIMOTHY P., Associate Judge, concur.

. The Former Wife was pregnant with the parties’ second child, but had not yet given birth, at the time of the marital settlement agreement.

. Former Wife was also awarded $4,762.25 in attorney’s fees in connection with a petition for writ of certiorari she filed during these proceedings.