BLUE, Judge.
Linda Riggs, the mother, sought an increase in the child support obligation of Charles Lowrance, the father. In this appeal from the order denying modification, she argues, and we agree, that the trial court abused its discretion. We reverse.
The parties initially set the amount of child support by settlement *1103 agreement, which was incorporated into the final judgment of dissolution in 1997. Even when child support has been fixed in this way, however, the amount may be increased based on a substantial change of circumstances. See State, Dep’t of Health & Rehabilitative Svcs. ex rel. Dodge v. Dodge, 647 So.2d 170 (Fla. 2d DCA 1994). The Mother argues that she met her burden by showing an increase in the Father’s income and by application of the child support guidelines. The Father concedes that his income has increased but contends that the trial court may take judicial notice of inflation. No request for judicial notice of this fact was presented to the trial court, nor was there any compliance with the procedures of the Florida Evidence Code relating to judicial notice. See §§ 90.201-.207, Fla. Stat. (1997). Furthermore, this economic factor cuts both ways. See Desilets v. Desilets, 377 So.2d 761, 765 (Fla. 2d DCA 1979). In opinions discussing inflation in family law cases, the courts have referred to the negative impact inflation had on the buying power of the original support amount. See, e.g., Smith v. Smith, 474 So.2d 1212, 1213 (Fla. 2d DCA 1985) (noting that “child support award has been seriously eroded by inflation”); Desilets, 377 So.2d 761 (alimony); Forte v. Forte, 320 So.2d 446 (Fla. 3d DCA 1975) (taking judicial notice of rise in cost of living but also noting expert testimony that was introduced on this subject).
We conclude that the Mother met her burden of showing a substantial change of circumstances based on the undisputed evidence that the Father’s income and assets had increased. The need for additional support is readily apparent when the child support guidelines are taken into consideration. Accordingly, we reverse on this issue.
The Mother also argues that the trial court erred in denying her request for attorney’s fees based on the disparate financial circumstances of the parties. One party’s need and the other party’s ability to pay are the primary but not exclusive factors in deciding a request for attorney’s fees in family law cases. See Rosen v. Rosen, 696 So.2d 697 (Fla.1997). In light of the Father’s greater earnings and assets and the Mother’s recent loss of income, and in the apparent absence of any other Rosen factors, we reverse and remand for the trial court to reconsider the issue of attorney’s fees.
Reversed and remanded for further proceedings.
CAMPBELL, A.C.J., and SALCINES, J., Concur.