NESBITT, Senior Judge.
A father challenges the trial court’s orders denying his requests for child-support modification and attorney’s fees. We re *476 verse and remand for further consideration.
In 1991, Eric A. Knapp and Ana Rico were married in Massachusetts. Their daughter, Sarah was born in 1993. In 1995, a complaint for divorce was filed in Massachusetts, and in 1997, a final judgment of dissolution of marriage was issued by a Massachusetts court. While the mother and child’s imminent move to Florida and her subsequent search for employment was anticipated by the parties and considered and approved by the court, the mother’s future income and expenses were not identified, as she had not yet secured a position. Also it was unclear whether, at the start, the mother would be securing part time or full time employment.
At the date of the Massachusetts judgment, the court determined the mother’s income to be $8000. The court set the income of the father, a Yale-educated self-employed business consultant, at $52,000, although the court speculated that this figure might in actuality be considerably higher. Under the Massachusetts guidelines as the trial court calculated them, the father should have been ordered to pay $270 per week. The trial court modified this figure to $245 to help defray the costs of visitation in light of the anticipated move.
Ms. Knapp and Sarah relocated to Miami in July 1997, and in 1998, Ms. Knapp secured employment and began working as an architect earning $38,000 a year.[1] Mr. Knapp thereafter filed the instant petition, seeking to domesticate the Massachusetts judgment and arguing that there had been a substantial change in circumstances which required the Florida court to modify the Massachusetts judgment. Mr. Knapp also claimed that Ms. Knapp was not facilitating court mandated visitation and he sought reconsideration of that the issue. Additionally, he argued that because the mother’s move to Florida had necessitated the instant litigation, she should bear the burden of his attorney’s fees.[2]
The trial judge considering the father’s claims concluded that visitation was working well, and that while the mother had now secured a full time position, factoring in the child’s after school care expenses, the father’s support obligation had not changed. Therefore, the trial judge denied modification.
Section 61.14, Florida Statutes (1999) provides:
Enforcement and modification of support, maintenance, or alimony agreements or orders
(l)(a) When the parries enter into an agreement for payments for, or instead of, support, maintenance, or alimony, whether in connection with a proceeding for dissolution or separate maintenance or with any voluntary property settlement, or when a party is required by court order to make any payments, and the circumstances or the financial ability of either party changes or the child who is a beneficiary of an agreement or court order as described herein reaches majority after the execution of the agreement or the rendition of the order, either party may apply to the circuit court of the circuit in which the parties, or either of them, resided at the date of the execution of the agreement or reside at the date of the application, or in which the agreement *477 was executed or in which the order was rendered, for an order decreasing or increasing the amount of support, maintenance, or alimony, and the court has jurisdiction to make orders as equity requires, with due regard to the changed circumstances or the financial ability of the parties or the child, decreasing, increasing, or confirming the amount of separate support, maintenance, or alimony provided for in the agreement or order. A finding that medical insurance is reasonably available or the child support guidelines in s. 61.30 may constitute changed circumstances. (Emphasis added.)
Future or anticipated events cannot be considered when originally setting child support due to the lack of an eviden-tiary basis or uncertainty surrounding the future or anticipated event. See Harbin v. Harbin, 762 So.2d 561 (Fla. 5th DCA 2000); Nelson v. Nelson, 651 So.2d 1252, 1254 (Fla. 1st DCA 1995). An increase in the ability to pay may be sufficient to increase child support payments. See Miller v. Schou, 616 So.2d 436 (Fla.1993). Here, the mother’s income had increased by over $30,000. We agree with the father that his petition seeking modification should have been granted.
The father, however, seems to argue that the mother’s employment alone mandates a reduction in his support obligation. As section 61.14 provides, the court has jurisdiction to make orders as equity requires, with due regard to the changed circumstances or the financial ability of the parties or the child, decreasing, increasing, or confirming the amount of separate support. See Riggs v. Lowrance, 766 So.2d 1102 (Fla. 2d DCA 2000)(deciding mother had met her burden of showing a substantial change of circumstances based on the undisputed evidence that father’s income and assets had increased). We conclude that rather than denying modification the trial judge in the instant case should have granted modification and considered the parties’ current positions.
On remand, guided by the Florida Child Support Guidelines, the court should consider each party’s income and claimed expenses, as well as the child’s current needs. See State, Dep’t of Revenue v. Sumblin, 675 So.2d 691, 692 (Fla. 1st DCA 1996)(eoncluding that child support guidelines are applicable to modification proceedings and may provide the basis for finding a substantial change in circumstances, and that the guidelines amount is presumptively the amount the trier of fact shall order in either an initial or modification proceeding). See also Stebbins v. Stebbins, 754 So.2d 903 (Fla. 1st DCA 2000)(coneluding the Florida child support guidelines statute mandates the imputation of income to an unemployed or underemployed parent when such unemployment or underemployment is found to be voluntary on that parent’s part). The payment of health care expenses and attorney’s fees, issues raised by the father, will likewise be considered.
Accordingly, the order denying modification is reversed and the cause remanded for full and fair consideration of the parties’ current positions.[3]

. By the time of trial, Ms. Knapp was earning $42,231 annually.

. While we remand for consideration of fees issue, we note that the argument that the mother's move standing alone merits her bearing the father's costs in pursuing modification is most specious. The move was determined to be in the best interests of the child, in part due to Mrs. Knapp’s increased employment opportunities based on her ability to speak both English and Spanish. One party's need and the other party's ability to pay are the primary although not exclusive factors in deciding a request for attorney's fees in family law cases. See Rosen v. Rosen, 696 So.2d 697 (Fla. 1997).

. At the modification hearing, for the first time, the father sought to have the trial judge prohibit the informal use of the “Rico” surname. The child, whose legal name is Sarah Victoria Knapp, had taken to using the name Sarah Victoria Rico Knapp, however no formal name change proceeding had been instituted or, according to the mother, was contemplated. Because the question of the child’s name was not put at issue in the pleadings, we do not address that matter.