780 So.2d 261 (2001)
Audrey LEVI, Appellant,
v.
Israel LEVI, Appellee.
No. 3D99-01261.
District Court of Appeal of Florida, Third District.
February 28, 2001.
Rehearing Denied April 4, 2001.
*262 Marks & West, and Cynthia L. Greene, for appellant.
Stanley M. Newmark, for appellee.
Before COPE, FLETCHER, and RAMIREZ, JJ.
RAMIREZ, J.
The former wife, Audrey Levi, appeals a post-judgment final order on her petition for modification. We reverse because the trial judge did not make the requisite findings and failed to make the modification retroactive.
The parties were divorced in 1992. Pursuant to the Marital Settlement Agreement, the father, Israel Levi, was obligated to pay the sum of $1,120.00 per month as support for the parties' three minor children. He was also required to provide medical insurance for the children and was given the right to claim the children as dependents on his personal federal income tax return. The Agreement also set forth a detailed visitation schedule for the father and the parties' children. Two years following the entry of the Final Judgment, the father remarried and relocated to Puerto Rico where he manages an office equipment company owned by his new father-in-law. The children reside in Miami with the mother, who is the primary custodial parent.
At the time of the entry of the Final Judgment, the father earned a net monthly income of $2,476.00. His gross monthly income later increased to $9,500.00 in 1995 and $11,000.00 in 1996. In 1997, coincidentally with the wife's petitioning for modification, the father's monthly salary was reduced to $7,500.00 and he was provided with an automobile, purchased by his father-in-law, and automobile insurance paid for by his employer.[1] The father testified *263 that the reduction in his monthly salary was due to his employer's deteriorated financial condition. The mother's accountant testified that the father's automobile reimbursed expenses had a value of $6,000.00 per year or $500.00 per month.
In its Final Order, the trial court increased the child support from $1,120.00 to $1,803.00 per month (reducing the award by $75.00 per month due to the travel expenses for visitation paid by the father and the mother's dependency exemption award), denied the request for retroactive child support, amended the visitation schedule to reflect the father's move to Puerto Rico, and ordered the parties to be responsible for their own attorney's fees.
In its order, the trial court erroneously failed to make findings of fact as to the amount of either party's income or the manner in which the court computed its award pursuant to the child support guidelines. Where the trial court fails to set forth findings regarding the parties' actual incomes or adjustments to income, an appellate court cannot ascertain whether a child support award is within the guidelines. See Wilcox v. Wilcox, 729 So.2d 506, 507 (Fla. 2d DCA 1999); Shrove v. Shrove, 724 So.2d 679, 682 (Fla. 4th DCA 1999)(holding that support calculations must be based on net income. The use of gross figures is error). Under these circumstances, this Court cannot properly review the order on appeal.
The trial court also improperly refused to make the increase in child support retroactive. When child support is modified, retroactivity is the rule rather than the exception. See Nierenberg v. Nierenberg, 758 So.2d 1179, 1180 (Fla. 4th DCA 2000). Although the award of retroactive child support is discretionary, it is an abuse of discretion not to make the award retroactive where the need for the support and the ability of the parent to pay exists at the time the petition for modification is filed. See Butler v. Brewster, 629 So.2d 1092, 1093 (Fla. 4th DCA 1994); Anderson v. Anderson, 609 So.2d 87, 89 (Fla. 1st DCA 1992); see also Young v. Young, 745 So.2d 1074, 1076-77 (Fla. 4th DCA 1999). Here, the unrebutted testimony was that the children's needs had substantially increased since 1992. Thus, we hold that the trial court abused its discretion in refusing to make the increase in child support retroactive to the filing of the petition for modification.
Finally, the trial court erred in not recognizing the special educational needs of one of the parties' children. The record supports the mother's argument that she consulted with the father before placing one of the children in private school and he left the decision up to her. On remand, in addition to making the required factual findings and retroactive award, the trial court should determine this issue based on the parties' ability to pay and the needs of the child.
Reversed and remanded.
NOTES
[1] The trial court found that the reduction was business-mandated and company-wide, not a purposeful reduction to avoid a greater childsupport obligation.