EDWARDS, J.
*572 The parties' original child support obligations were set forth in a mediated settlement agreement ("MSA") which was incorporated into a final order. The MSA called for Appellant ("Father") to support the children, who would stay with him for 300 nights per year, while Appellee ("Mother") was not required to pay child support "at this time" because she was not employed "at this time." The MSA required Mother to advise Father within ten days of her obtaining full-time employment. Father subsequently moved to modify Mother's support obligations after she became employed on a full-time basis. The trial court denied Father's motion to modify, finding that the change in circumstances, i.e. Mother becoming employed, had been contemplated by the MSA, and thus did not constitute an "unanticipated" change in circumstances justifying modification. We find that the trial court erred and reverse for further proceedings.
When Father moved to modify the original child support order, his financial affidavit indicated a monthly gross income of $2773 with childcare expenses of $962. Mother's financial affidavit indicated her monthly gross income was $2000 with childcare expenses of $520 per month that included $150 per month in clothing expenses and $300 per month as expenses for holiday gifts for the children. Mother agreed in her pleadings and in her opening statement at the hearing on this matter that she was obligated to pay child support; she only objected to the amount of support that Father requested. Although the trial court found that there was a substantial change in circumstances, it denied the motion, finding that Father failed to prove that this change was "unanticipated" because the parties had contemplated that Mother "would obtain employment" at some point in the future.[1]
The trial court's ruling overlooked controlling Florida law. First, section 61.14(1)(a), Florida Statutes (2017), provides in pertinent part:
When the parties enter into an agreement for payments for ... support, ... and the circumstances or the financial ability of either party changes ... after the execution of the agreement or the rendition of the order, either party may apply to the circuit court ... for an order decreasing or increasing the amount of support ... and the court has jurisdiction to make orders as equity requires, with due regard to the changed circumstances or the financial ability of the parties or the child, decreasing, increasing, or confirming the amount of separate support ... provided for in the agreement or order.
Second, section 61.13(1)(a)2. provides in pertinent part that:
The court initially entering an order requiring one or both parents to make child support payments has continuing jurisdiction after the entry of the initial order to modify the amount and terms and conditions of the child support payments if the modification is found by the court to be in the best interests of the child ... [or] if there is a substantial change in the circumstances of the parties ....
Third, the trial court's ruling is contrary to Florida law as declared by the supreme *573 court case Miller v. Schou , which held that "an increase in ability to pay is itself sufficient to warrant an increase in child support" and disapproved of any district court opinion "contrary to this holding." 616 So.2d 436, 438 (Fla. 1993) ; s ee, e.g. , Knapp v. Knapp , 778 So.2d 475, 477 (Fla. 3d DCA 2001) ("An increase in the ability to pay may be sufficient to increase child support payments." (citing Miller , 616 So.2d at 438 ) ); Riggs v. Lowrance , 766 So.2d 1102, 1102-03 (Fla. 2d DCA 2000) (reversing denial of request for increased child support due to the "undisputed evidence that Father's income and assets had increased"); Sotnick v. Sotnick , 650 So.2d 157, 159 (Fla. 3d DCA 1995) ("Modification [of child support] should be granted as the husband's income increases.").
Finally, the parties' MSA, when read in its entirety, obviously contemplated that upon becoming employed Mother would notify Father of that fact so her child support obligation could be established. It is difficult to understand how this could be read otherwise, especially in light of the fact that Mother agreed in her pleadings and in her opening statement to the court that since she was now employed, she would be obliged to pay child support.
Accordingly, we reverse and remand for the trial court to consider the evidence before it, take additional evidence if necessary, and enter an order modifying the parties' child support obligations "as equity requires, with due regard to the ... changed financial abilities of the parties" in accordance with section 61.14(1)(a). On remand, the trial court should keep in mind that "[w]hen child support is modified, retroactivity is the rule rather than the exception." Levi v. Levi , 780 So.2d 261, 263 (Fla. 3d DCA 2001). Moreover, it is an abuse of discretion not to make a child support award retroactive to the date of the petition for modification, where the conditions supporting modification existed when the petition for modification was filed. Id.
REVERSED AND REMANDED WITH INSTRUCTIONS.
BERGER and HARRIS, JJ., concur.

The "requirements" that a change in financial circumstances be unanticipated and involuntary best apply when a party attempts to reduce his or her ability to pay child support by voluntarily becoming unemployed or underemployed. Applying those "requirements" to ignore significant increases in the parents' ability to provide financial support for their children would, in most cases, make no sense.